## UNITED STATES *v.* LUSKEY.

No. 371. Argued April 10, 1923.—Decided April 16, 1923.

The additional pay provided by the Act of March 3, 1915, c. 83, 38 Stat. 928, for enlisted men in the Navy and Marine Corps "while lawfully detailed for duty involving actual flying in air craft," goes to the person so detailed irrespective of the number of flights made by him. P. 64.

56 Ct. Clms. 411, affirmed.

APPEAL from a judgment of the Court of Claims awarding a sum as extra pay to a machinist's mate in the Navy.

*Mr. James A. Fowler,* Special Assistant to the Attorney General, with whom *Mr. Solicitor General Beck* was on the brief, for the United States.

*Mr. George A. King,* with whom *Mr. William B. King* and *Mr. George R. Shields* were on the brief, for appellee.

MR. JUSTICE McKENNA delivered the opinion of the Court.

The findings of fact of the Court of Claims are in substance, these: (1) Luskey was a machinist's mate in the Navy. He was by proper authority detailed for duty involving actual flying in aircraft, September 15, 1915, and continued in that duty until after February 1, 1917. He made actual flights, one of which was in September, 1916, and two others in December, 1916, and was at all times capable of flying if so ordered. (2) He received the sum of $329.00, being 50% additional pay allowed him by the Act of March 3, 1915, c. 83, 38 Stat. 928, for duty involving actual flying for the entire period from July 1, 1916, to January 31, 1917, a period of seven months. At a later period the amount was deducted from his pay. He was paid a certain amount for the month of December, 1916.

If entitled to additional pay for aviation duty for the entire period, July 1, 1916, to January 31, 1917, less pay received for December, 1916, he would receive $279.95.

Upon the facts found, the court concluded " as matter of law " that he was entitled to recover, and " adjudged and ordered that " he " recover of and from the United States the sum of two hundred and seventy-nine dollars and ninety-five cents ($279.95)."

The United States, by this appeal, disputes the conclusion and judgment. Its contention is that " to entitle an officer designated to such service to the extra compensation " he must " be actually engaged in flying, and that, when an unreasonable time elapses during which he makes no actual flight, he is not entitled to extra pay for such period." Expressing its contention in other words, it, in effect, is that it is not the detail but the flying, not the possibility of a risk but the actual risk, that vests the right to the additional pay.

To sustain the contention, emphasis is put upon, and insistence made of, the words of the act (38 Stat. 939) that compensation is awarded to the officer " while lawfully detailed for duty involving actual flying in air craft."

To the contention, and rejecting it, the court replied, after quoting the statute: [1] " The word ' involving,' used in the statute may be inept, but its meaning in the connection in which it is used is plain and not to be mistaken, and that is, that the pay is not made dependent upon the number of flights while on such duty, but is made dependent on the detail to such duty. When, therefore, the plaintiff was lawfully detailed to duty involving flying in

---

[1] " Hereafter 'enlisted men of the Navy or Marine Corps, while detailed for duty involving actual flying in air craft, shall receive the pay, and the permanent additions thereto, including allowances, of their rating and service or rank and service, as the case may be, plus fifty per centum increase thereof."

aircraft he must be regarded and treated as entitled to the consequences of such detail and to the pay provided for such duty."

We concur in the conclusion and judgment. The meaning of the statute " is plain." If Congress had intended to provide a detail to intermittent duty with intermittent pay, Congress would have specifically so provided, not left repulsion to it the advantage of ambiguity. If it intended to regard " the possibility of a risk or the actual risk " in flying as determination of compensation or as a factor in compensation, as the United States urges, care would have been taken, not, we will say, against its abuse, but against its use putting the officer's life in peril many times a day. If that were reasonable in expectation, the other contention is condemned, that is, that the officer is entitled to compensation only when he engages in flights and for reasonable intervals between them. The contention gives no animation to prepare for the duty and its hazards.

Congress naturally supposed that there would be no detail to aircraft duty unless there was requirement or use for it, and when either ceased, the detail would be revoked, but if made and not revoked, its duration constituted a service for which the officer must keep prepared and to which, therefore, the compensation was by the statute assigned.

*Judgment affirmed.*