Booth, Judge,
delivered the opinion of the court:
Thurman W. Marshall enlisted in the United States Navy May 4, 1917, was discharged August 1, 1919, and reenlisted August 8, 1919, as quartermaster, first class. On September 20, 1919, by proper orders plaintiff was detailed to aviation duty, involving actual flying in aircraft. On December 10, 1919, while engaged in actual flying, the plaintiff received a painful and serious number of injuries, occasioned through no fault of his, when the seaplane, commanded by Commander A. C. Read, with whom he had gone up, met with an accident in landing. The plaintiff received treatment for his injuries at various naval hospitals, and finally, after a little more than three years of surgical and medical treatment, was discharged from the service. The act of March 3, 1915, 38 Stat. 928, provided for 50 per cent additional pay to men in the service detailed for duty involving-actual flying. The plaintiff received the additional allowance from the date of his detail to date of his injury, and thereafter it was denied him. It is this additional pay from December 10, 1919, to the date of his discharge he now sues to recover.
The Government interposes a novel defense. Seizing hold of an expression in the opinion of the Supreme Court in the case of United States v. Luskey, 262 U. S. 62, an attempt is made to confine the scope of the act to those men only who are physically fit in all respects to fly at any time when so ordered. “Luskey was at all times capable of flying if so ordered ” is the expression the defense isolates from the general discussion of the merits of the case, and applies it vigorously to one whose incapacity was the result of actual flying and due entirely to the extreme hazards of the service exacted.
What was the plaintiff’s status in the naval service when ordered to fly with Commander Read? Unquestionably he was serving under a detail to the aviation service and engaged in actual flying. Obviously, then, so long as he re- *903 tainecl this status and his detail remained unrevoked he came within the decision of the Supreme Court in the Luskey case, supra. A method existed to determine his especial detail and terminate his existing status, but it was not resorted to. On the contrary, his detail remained unrevoked and no official orders of any kind were at any time issued until he was finally discharged. Whether the medical authorities believed or disbelieved in the possibility of his recovery so as to resume his duties is not clear. In any event, no effort was made to revoke his detail, and his status as fixed by law and the regulations remained during the period of his confinment for treatment. There is no room in the opinion of the Supreme Court for a technical argument that one injured in the aviation service is to be denied his additional allowance because his injuries preclude his actual flying day by day. The Supreme Court, on the contrary, concurred in the opinion of this court wherein it was said: “ The pay is not made dependent upon the number of flights while on such duty, but is made dependent on the detail to such duty.”
The Navy Department itself recognizes the danger incident to a service of this character, and by General Order No. .377, dated March 14, 1918, it has provided as follows:
“In the case of individuals failing to perform a flight because of physical disability incident to flying, flight orders during the period of such disability will be considered as fully in effect.”
The manifest intention of the law was to encourage enlistment in a military service considered extra hazardous. No case coming under our observation comes more clearly within its spirit than this one. If, as a result of faithful service, actual flying, injury follows, and the Navy Department makes no move to revoke or terminate the officer’s detail thereto but continues his existing status, he may not be denied the benefits of the statute, when manifestly he comes within its provisions. It is a far-fetched contention to seek to limit the decision of the Supreme Court to an ascertainment by the courts of the physical fitness of the men detailed to the aviation service to actually fly, when the law and regulations of the department point out expressly *904 the manner of creating the status and terminating the same. The statute uses the words “ detailed for duty involving actual flying in aircraft,” and this court’s construction of the statute was approved by the Supreme Court. United States v. Luskey, supra.
The defense is a most ingenious one and signalizes an effort which most certainly can not meet with commendation in this particular case.
Judgment for the plaintiff for $1,427.79. It is so ordered.
Graham, Judge; Hat, Judge; DowNet, Judge; and Campbell, Ghief Justice, concur.