Booth, Judge,
delivered the opinion of the court:
The plaintiff, Joshua Garrison, jr., enlisted in the Naval Reserve Force as a seaman July 26, 1917. Subsequent to a short course of instruction at the Massachusetts Institute of Technology he was detailed on October 19,1917, to the Naval Air Station at Pensacola, Florida. On January 22, 1918, he was given the provisional rank of ensign, class 5, and on the same day duly qualified for the same. He was on' this same day appointed a naval aviator and detailed for'duty involving actual flying in aircraft, including balloons, dirigibles, and airplanes. On February 1, 1918, he was detached from aviation duty at Pensacola and ordered to Washington, D. C., for temporary duty, and was, in a short time thereafter, ordered to aviation duty with the naval aviation service in France. He served as a naval aviator in France and in England, flying as ordered. On October 28, 1918, he was seriously injured by the fall of the airplane in which he was flying and sent to the hospital for treatment. After *922 receiving medical and surgical treatment in various naval hospitals, both abroad and in the United States, he was, on October 1, 1920, found by a naval retiring board to be permanently incapacitated for duty and placed on the retired list under section 1453, Revised Statutes. While invested with the rank of ensign, and subsequent to his injury, he was on March 3, 1919, given the provisional rank of lieutenant, junior grade, to date from October 1, 1918. In the settlement of his pajr accounts the plaintiff received the additional pay of 50 per cent provided for aviators in the act of March 3, 1915, 38 Stat. 939, until May 14, 1919. Thereafter it was withheld from him on the ground that his physical condition precluded actual flying, and notwithstanding his detail remained unrevoked, the fact of his injury and confinement in a hospital was sufficient to prevent the additional allowance under the statute. Just why this additional allowance was stopped on May 14, 1919, does not appear, unless the decision of the Comptroller of the Treasury, rendered on that date, was the cause. (25 Comp. Dec. 872.)
The plaintiff, we have said, received the additional pay provided for aviators in the act of March 3, 1915, from the date of his detail until May 14, 1919. Some three and a half years later, after he had been placed on the retired list, $85 was checked against and deducted from his retired pay as an alleged overpayment made to him for the time intervening between his transfer from Pensacola, Florida, to Washington, and thence to France and England.
This suit, therefore, is to recover the following items :
50% aviation increase during time of transit from station in tbe United States to that in France, February 8, 1918, to
March 13, 1918_ $85.00
Aviation increase while in hospital from May 14, 1919, to September 23, 1920_1,361.12
■ Total_ 1,446.12
The case is not res integra,. The first item of $85 comes clearly and unmistakably within the decisions of this court in Lamont v. United States, 53 C. Cls. 644, as well as Engard v. United States, 196 U. S. 511. The second item is in most respects disposed of by the more recent case of Marshall v. United States, ante, p. 900, following the decision of the *923 Supreme Court in the case of United States v. Luskey, 262 U. S., 62.
The only issue deserving especial consideration is whether the plaintiff is entitled to be paid as a lieutenant, junior grade. It, will be noted that his provisional appointment as lieutenant, junior grade, was made subsequent to his accident, and at a time when he was confined in a hospital. It is true that the act of March 4, 1913, 37 Stat. 892, provided “ That all officers of the Navy who, since the 3d day of March, 1899, have been advanced or may hereafter be advanced in grade or rank pursuant, to law shall be allowed the pay and allowances of the higher grade or rank from the dates stated in their commissions,” and this court has uniformly held that if the advancement of the officer was “ pursuant to law,” he was entitled to the advanced pay from the date stated in his commission. The act of August 29, 1916, 39 Stat. 587, specifically provided for the appointment or advancement of officers in the Naval Reserve Force. Among other things, no such promotion could be made until after the same had been recommended by a “ board of three naval officers not below the rank of lieutenant commander, nor until he shall have been found physically qualified by a board of medical officers to perform the duties required in time of war.” Manifestly the plaintiff could not meet the requirements of this statute, and the record does not disclose any attempt to comply with it. Hence it seems to us that his appointment as provisional lieutenant, junior grade, was clearly outside the statute and unwarranted under the law. We so held in the similar case of Lawless v. United States, ante, p. 224.
The plaintiff, however, is entitled under the Marshall ease, supra, to recover the additional pay due and allowable to an ensign from May 14, 1919, until the date of his retirement, viz, September 23, 1920.
The case will be remanded for a restatement of account in accord with this opinion. It, is so ordered.
Geahabi, Judge; Hat, Judge; DowNet, Judge; and Campbell, Chief Justice, concur.