Hay, Judge,
delivered the opinion of the court:
The claim of this officer is based upon the provisions of section 13-A of the act of June 4, 1920, 41 Stat. 768-769. This section provides: “ Officers and enlisted men of the Army shall receive an increase of 50 per centum of their pay while on duty requiring them to participate regularly and frequently in aerial flights.”
Ity order of the Secretary of War dated March 12, 1918, the plaintiff was placed on duty requiring him to participate regularly and frequently in aerial flights from February 12, 1918. This order, in so far as it affected the plaintiff, continued in full force and effect down to and including the dates mentioned in the petition and in the counterclaim of the defendant.
When an officer is on duty requiring him to participate regularly and frequently in aerial flights he is entitled to the pay provided for in the statute during the time he is on such duty from the day he is placed on such duty until he is detached therefrom. In this case the plaintiff was not detached from the duty of participating regularly and frequently in aerial flights, and the fact that he was temporarily detailed to perform recruiting service does not deprive him of the right to receive the pay to which he is entitled, nor does it serve to detach him from the duty on which he is serving. Especially is this true when it appears that while on recruiting duty he was also engaged in participating regularly and frequently in aerial flights. Luskey v. United States, 56 C. Cls. 411; 262 U. S. 62.
The first item in the counterclaim of the defendant we think should be allowed. This officer not being on duty in the field, but being stationed at a permanent Army post, was not entitled to commutation of quarters, heat, and light in right of his wife for the period from February 10 to February 28, 1921.
*592 The second item in the counterclaim of the defendant we do not think should be allowed. The officer was on duty requiring him to participate regularly and frequently in aerial flights. The flight surgeon certified on April 20, 1921, that the plaintiff was “ grounded ” on that day, and that the condition was incident to flying. It does not appear for how many days he was grounded; nor that he ceased to participate in aerial flights. In fact, the same flight surgeon in the same certificate certified that the plaintiff was entitled to flying pay from April 1, 1921, to April 30, 1921. If, as an incident to flying, the plaintiff was injured so that he could not fly for a number of days during that month,, that would not deprive him of his pay; he was still on duty, and was entitled .to the pay provided for him by statute.
A judgment will be entered for the plaintiff in the sum of $110.35. It is so ordered.
Graham, Judge; Downey, Judge; Booth, Judge; and Campbell, GTiief Justice, concur.