Moss, Judge,
rendered the opinion of the court:
During the period involved in this action plaintiff, Leland D. Bradshaw, was a warrant officer of the Army, attached to the Air Service, as assistant to the engineering officer at Langley Field, and in charge of aero repair, a service which required him to participate regularly and frequently in aerial flights.
At the time of plaintiff’s designation as warrant officer, and his detail to the service mentioned, he was attached to the Fiftieth Squadron, Air Service, and his position was that of master sergeant.
Section 13a, act of June 4, 1920, 41 Stat. 768, provides for an increase of 50 per cent of their pay to officers and enlisted men of the Army while on duty requiring them to participate regularly and frequently in aerial flights. Plaintiff is suing to recover the extra compensation provided for in this statute for the period beginning August 27, 1921, and extending to June 30, 1923, amounting to $1,609.67.
General Order No. 65, War Department, provides that warrant officers will be assigned to tactical units, to department and corps area headquarters, etc., for clerical, administrative, and supply duties, and that they will be assigned to duty by the Adjutant General of the Army.
It is urged by defendant that plaintiff is not entitled to the increase of pay because—
“(1) He does not belong to a combatant branch of the Army;
“(2) He was never properly assigned to duty requiring regular and frequent aerial flights; and
“(3) The applicable statutes do not authorize such increase in pay.”
It may be conceded that under departmental regulation the duties of a warrant officer are, as described therein, “ clerical, administrative, and supply duties,” services which naturally belong, as the term implies, to a noncombatant branch of the Army.
But in this case plaintiff, a warrant officer, regardless of his technical status under the regulations, was detailed to a particular duty which required flying service.
*644 To have refused the detail would have subjected him to disciplinary action. He must obey orders.
This service involved unusual hazard, and the purpose of Congress in providing for extra pay was to compensate for the hazard of the special service.
To require of plaintiff the performance of the hazardous duty, and then deny him the extra compensation, for the reason that his departmental status does not bring him within the strict letter of the statute, produces an injustice which it is not believed Congress intended.
No reason is perceived and none is suggested in support of the theory that Congress intended to reward only those of a particular departmental status, and to exclude others, although both classes are required to engage in the same hazardous enterprise.
It is fair and reasonable to assume that Congress intended by the use of the terms “ officers and enlisted men ” to include all persons in the service of the Army whose duty might require frequent and regular participation in aerial flights.
This theory is supported by the decision of the United States Supreme Court in the case of United States v. Hendee, 124 U. S. 309, 313, in which the court used the following language:
“We think the words c officers or enlisted men in the Itegular or Volunteer Army or Navy, or both,’ was intended to include all men regularly in the service in the Army or Navy, and that the expression ‘ officers or enlisted men ’ is not to be construed distributively as requiring that a person should be an enlisted man, or an officer nominated and appointed by the President, or by the head of a department, but that it was meant to include all men in service, either by enlistment or regular appointment in the Army or Navy.”
The contention that plaintiff was never properly assigned to duty requiring flying service is not sustained by the facts in the case.
As stated above, the departmental regulations provide that warrant officers will be assigned to duty by the Adjutant General of the Army.
The record shows that after plaintiff’s appointment as warrant officer there was issued to him from headquarters *645 at Langley Field an order signed “ T. S. Voss, Captain, Air Service, Adjutant,” which recites:
“ Warrant officer Leland D. Bradshaw, U. S. A., having reported for duty in compliance with letter of instructions from The Adjutant General’s office, Washington, August 17, 1921, is attached to the headquarters detachment, 2nd wing, for the purpose of record and assigned to duty in the engineering department. He will report to the Engineer • officer for instructions.”
The authority therefore for this detail came directly from the Adjutant General’s office. This is the order that assigned him to the duty requiring flying service.
Plaintiff’s legal rights will not be affected by the issuance and the later revocation of certain orders “ announcing ” plaintiff on flying duty. It was doubtless believed by plaintiff, and by his superior officers, that a formal announcement of his status was necessary in order to entitle him to the extra pay. The effect of these orders was merely to announce a status which already existed. But the order above set out detailing him to this service was never revoked, and plaintiff’s duties were not changed in the least particular throughout the period for which he claims extra pay, by the issuance or the revocation of the so-called announcement ' orders.
Plaintiff is entitled to recover, and it is so ordered.
GRAHAM, Judge; Hat, Judge; Booth, Judge; and Campbell, Chief Justice, concur.