*97 The court decided that plaintiff was entitled to recover.
Moss, Judge,
delivered the opinion of the court:
The plaintiff, Harry B. Lynch, was, during the period involved in this action, an aviation chief machinist’s mate on duty at the naval air station, Pensacola, Florida. An aviation chief machinist’s mate is a machinist specially trained and qualified for aviation duty.
Prior to July 1, 1922, plaintiff was detailed for duty involving actual flying.
The act of Congress of June 4, 1920, 41 Stat. 768, provides as follows: “ Officers and enlisted men of the Army shall receive an increase of 50 per centum of their pay while on duty requiring them to participate regularly and frequently in aerial flights; and hereafter no person shall receive additional pay for aviation duty except as prescribed in this section.”
*98 By section 20 of the act of Congress of June 10, 1922, 42 Stat. 632, 633, the 50% increase in pay was extended to “ all officers, warrant officers, and enlisted men of all branches of the Army, Navy, Marine Corps, and Coast Guard, when detailed to duty involving flying * *
Pursuant to the authority conferred by said act the President on July 1, 1922, promulgated regulations for the administration of said act, in which it is provided: “ Each officer, warrant officer, or enlisted man of the Army, Navy, Marine Corps, or Coast Guard, who is detailed to duty involving flying, shall be required to make at least ten flights, or be in the air a total of four hours during each calendar month * *
In the months of July and August, 1922, plaintiff made flights in Government air craft, and there were issued to him certificates by the senior squadron commander approved by the commandant of the naval air station showing proper compliance with the established requirements, and was paid therefor 50% of his pay, which amounted to $69.30 per month, or a total for the two months of $138.60.
In the early part of the month of September plaintiff made certain flights, corresponding both in number and in character of performance with the service rendered in July and August. No certificate was issued for that month and plaintiff has had no pay for same.
In the latter part of September, 1922 (the date is not shown in record), new instructions were issued by the Navy Department more exacting in their requirements, under the terms of which, as construed by the Navy authorities, plaintiff was not entitled to receive flight certificates. Furthermore, the new instructions or regulations were made applicable to the period beginning July 1. At a subsequent date plaintiff was required to repay the amount theretofore received by him for the months of July and August. It is conclusively shown that for the period covered by plaintiff’s claim his services met the requirements of the existing regulations.
In accomplishing these flights, which were routine test flights, the plaintiff left the beach in the plane, left the *99 water, flew in a horizontal flight, descended, alighting on the water, landed, took off and repeated the performance ten times. This was the customary method of compliance with the regulations in force from July 1, 1922, until the later regulations issued in the latter part of September, 1922, and the services of plaintiff in the performance of his flying duties were rendered in accordance with that method and accepted by the senior squadron commander and approved by the commandant of the naval air station as complying with the regulations.
It was the intention of Congress to provide extra pay for men detailed to flying service to compensate, in a measure, for the extra hazard of that service. The correctness of this principle was explicitly recognized by the following statement contained in what is called a station notice promulgated by the United States Naval Air Station at Pensacola, Florida, on July 25: “It is evident that Congress intended the increased pay for flying as a compensation for the risk incurred by reason of flying, and therefore a minimum amount of flying is required to entitle a person within his detail to duty involving flying, to the increase in pay, and this minimum is the same for all personnel.” This notice was published for the information and instruction of all persons connected with flying operations at that station.
The court is of the opinion that the new instructions or requirements issued in the latter part of September, 1922, are invalid so far as they are made to relate to the service rendered by plaintiff under' the orders and instructions existing at that time.
It is the judgment of the court that plaintiff recover herein the sum of $201.90. And it is so ordered.
Graham, Judge; Hay, Judge; Booth, Judge; and Campbell, Chief Justice, concur.