CaMpbell, Chief Justice,
delivered the opinion of the court:
Plaintiff, a junior military aviator, sues for 50 per cent increase in the pay of his grade and length of service, relying upon section 13 of the act of June 3, 1916, 39 Stat. 175, which provides:
“ * * * duly qualified junior military aviator shall, while so serving, have rank, pay, and allowances of one grade higher than that held by him under his commission if his rank under said commission be not higher than that of captain, and while on duty requiring him to participate regularly and frequently in aerial flights he shall receive, in addition, an increase of 50 per centum in the pay of his grade and length of service under his commission. * * * ”
During the period for which claim is made plaintiff was detailed to duty as aeronautical officer, first at the Western Department, San Francisco, and after that in the office of the Chief Signal Officer at Washington, D. C. He was announced, by special orders issued from the War Depart *124 ment, as on duty that required him to participate regularly and frequently in aerial flights, and by the same orders was rated as a junior military aviator and detailed in the avia-, tion section of the Signal Corps. During the whole period for which he now seeks increased pay he was under' these orders. The provision of the statute authorizing an increase in the pay of an officer “while on duty requiring him to participate regularly and frequently in aerial flights ” is not materially different from the provision of the act construed in the Lushey ease, 262 U. S. 62, affirming the judgment of this court in 56 C. Cls. 411. We said in this case: “When, therefore, the plaintiff was lawfully detailed to duty involving actual flying in aircraft he must be regarded and treated as entitled to the consequences of such detail and to the pay provided for such duty.” See also Marshall case, 59 C. Cls. 900; Matteson case, 60 C. Cls. 880. In the Clark case, 60 C. Cls. 589, the plaintiff, with- other officers was “ announced as on duty requiring them to participate regularly and frequently in aerial flights from February 12, 1918.” The order continued in force during the period covered by the claim. He sued for the pay authorized by the act of June 4,1920, 41 Stat. 169, section 13 (a) of which provides: “ Officers and enlisted men of the Army shall receive an increase of 50 per centum of their pay while on duty requiring them to participate regularly and frequently in aerial flights.” Following the Lushey case, the court said (p. 591) : “ When an officer is on duty requiring him to participate regularly and frequently in aerial flights he is entitled to the pay provided for in the statute during the time he is on such duty from the day he is placed on such duty until he is detached therefrom.” See also Bradshaw case. No. D-322, decided November 16, 1926, 62 C. Cls. 638.
The orders in the instant case directed the plaintiff to report to headquarters of the Western Department for assignment to duty as aeronautical officer of that department. By special orders dated July 26, 1917, plaintiff was announced as on duty requiring him to participate regularly and frequently in aerial flights. We think the facts bring the case within the meaning and intent of the statute and *125 that the plaintiff is entitled to the increased-pay for which he sues.
A second defense interposed by the Government is that the plaintiff is now estopped from claiming increase in pay for the period in question. This defense is predicated upon a finding made at the request of defendant (Finding V) that the plaintiff made out his pay vouchers and did not claim the increase now sued for, and certified to the correctness of the vouchers, and that he was paid the amount of them and accepted payment without protest. The pay here claimed is provided for by statute, and his receipt of less than the statute authorized and required to be paid does not estop him from claiming the amount legally due. The case of Garlinger, 169 U. S. 316, is not applicable in a case where the claim of the officer is for an amount due by statute. The distinction between the two classes of cases— one upon an implied contract and the other for a statutory allowance — is made in Whiting'1 s ease, 35 C. Cls. 291, 301. In Bancroft's case, 56 C. Cls. 218, which was a suit to recover a uniform gratuity provided for by statute, and in which it appeared that a waiver of all claim to this uniform gratuity had been made, the Government insisted on the waiver as a defense. This court said: “ It is not necessary to discuss the rule at length. It is well settled to the general effect that agreements to forego any part of a statutory compensation will not be enforced and that recovery may be had for a. withholding under such agreement.” The judgment was affirmed, 260 U. S. 106. See also Glavey, 182 U. S. 595; Andrews, 240 U. S. 90; Katzer ease, 52 C. Cls. 32, 37. The compensation sought in this case is fixed by statute. It does not rest “upon any contract, express or implied, with the Government but upon acts of Congress which provided for his compensation.” McDonald case, 128 U. S. 471; Embry case, 100 U. S. 680, 685.
Our conclusion .is that the plaintiff is entitled to recover the increased compensation. And it is so ordered.
Moss, Judge; Graham, Judge; Hat, Judge; and Booth, Judge, concur.