Campbell, Chief Justice,
delivered tbe opinion of the court:
This case, in all material aspects, is controlled by the decision of this court in the case of Emmons v. United States, decided February 14, 1927, 63 C. Cls. 121. In Clark's case, 60 C. Cls. 589, 591, it was said: “ When an officer is on duty requiring him to participate regularly and frequently in aerial flights, he is entitled to the pay provided for in the statute during the time he is on such duty from the day he is placed on such duty until he is detached therefrom.” In Bradshaw's case, 62 C. Cls. 638, 644, it was said: “ This service involved unusual hazard, and the purpose of Congress in providing for extra pay was to compensate for the hazard of the special service.” See also Marshall's case, 59 C. Cls. 900; Matteson's case, 60 C. Cls. 880; and Lynch's case, 63 C. Cls. 91. It was said in Luskey's case, 56 C. Cls. 411, “ that when an enlisted man is detailed for duty involving actual flying in aircraft, he is entitled to the pay provided for in the statute during the time he is detailed for such duty from the day of such detail until the- detail expires” (p. 413). This decision was affirmed by the Supreme Court of the United States, 262 U. S. 62. In the course of the opinion it was said (p. 64): “ Congress naturally supposed that there would be no detail to aircraft duty unless there was requirement or use for it, and when either ceased the detail would be revoked; but if made and not revoked, its duration constituted a service for which the officer must keep prepared and to which, therefore, the compensation was by the statute assigned.” We regard this question as so thoroughly settled by these decisions that further discussion is unnecessary.
On the question of the statute of limitations, see Cronin case, 62 C. Cls. 20; Soldiers and Sailors Civil Belief Act, 40 Stat. 440, section 205. Judgment should be awarded to the plaintiff. And ,it is so ordered.
Moss, Judge; Graham, Judge; and Booth, Judge, concur.