Littleton, Judge,
delivered the opinion:
The plaintiff was paid the increased flying pay provided by the statutes by the Navy Department for the months of March, April, and May, 1925, amounting to $226.80, but the Comptroller General ruled that he was not entitled to the. increased flying pay prior to the date on which the Bureau of Navigation approved the assignment, which had been made March 1, 1925, by his commanding officer, and plaintiff was required to refund the amount of $226.80 which had been received by him from March 1 to June 1, 1925.
The act of June 4, 1920, provides for 50 per cent increase in pay to officers and enlisted men of the Army detailed to flying. Section 13 (a) of the national defense act, as amended June 4, 1920, provides that “Enlisted men of the Army shall receive an increase of 50 per centum of their pay while on duty requiring them to participate regularly and frequently in aerial flights,” and section 20 of the act of June 10, 1922, provides “that all officers, * * * and enlisted men of all branches of the * * * Navy * * * when detailed to duty involving flying, shall receive the same increase of their pay and the same allowance for traveling expenses as are now authorized for the performance of like duties in the Army. * * * Regulations in execution of the provisions of this section shall be made by the President and shall be uniform for all the services concerned.” Pursuant to this authority the President, on July 1, 1922, promulgated an Executive order, paragraph 8 of which provides that “Each enlisted man who is serving in the Air Service of the Army, or in any part of the aeronautic organization of the Navy, Marine Corps, or Coast Guard, and who is not a qualified aircraft pilot or observer, but is assigned to duty that includes flights in aircraft, shall be detailed to duty involving flying by his commanding officer; such detail shall remain in force for the entire period of such assignment except as hereinafter provided in paragraphs 9 and 10, or until revoked by his commanding officer; such detail and its revocation shall be reported to the Chief of the Air Service for the Air Service of the Army, the Secretary of War for other branches of the Army, the Chief of the Bureau of Navi *560 gation for the Navy, the Major General Commandant for the Marine Corps, or to the Captain Commandant for the Coast Guard.”
Paragraphs 9 and 10 mentioned in the Executive order have no application to the question involved in this case.
Paragraph D-4570 of the Bureau of Navigation Manual of 1921 stated that “Flight orders will be issued to enlisted men detailed for duty involving actual flying in aircraft to enable them to draw 50 per cent additional pay upon approval by the Bureau of Navigation on Form N. Nav. 413. The authorized number of such flight orders for each aviation command will not be exceeded. The revocation of flight orders for any reason, including transfer, death, or discharge, will be reported to the bureau.” This provision in paragraph D-4570 of the Bureau of Navigation Manual existed only in the 1921 edition of such manual, which was prior to the passage of the act of June 10, 1922, and the promulgation of the Executive order of July 1, 1922. A new Bureau of Navigation Manual was not issued until 1925, in which later edition paragraph D-4570 was omitted entirely and paragraph H-1421, which was inserted instead, states that “where flying is involved, the detail of enlisted men to such duty will be prepared by commanding officers and a copy forwarded to the Bureau of Navigation for file.”
The service of flying involves unusual hazards, and the purpose of Congress in providing for extra pay therefor was to compensate for the hazards of such special service. The act of June 10, 1922, provided that persons should receive increased flying pay when detailed to duty involving flying, and the Executive order promulgated by the President that each enlisted man assigned to duty that includes flights in aircraft “shall be detailed to duty involving flying by his commanding oflicer; such detail shall remain in force for the entire period of such assignment * * * until revoked by his commanding oflicer.” The plaintiff comes squarely within the statute and the Executive order of the President. He was assigned to duty involving flying by his commanding officer on March 1, 1925, and, between that date and June 1, 1925, performed more than the *561 minimum amount of flying required by the regulations to entitle him to increased flying pay, and the action of the Bureau of Navigation, in undertaking to make such assignment effective only from June 1, 1925, was contrary to the command of the Executive order of July 1, 1922, issued pursuant to section 20 of the act of June 10, 1922. The plaintiff had no alternative other than to obey the orders of his commanding officer, which were strictly in accordance with the orders of the President. He was not at liberty to refuse to perform the duty to which he was assigned until some action had been taken upon the assignment by the Bureau of Navigation. In such case the person so detailed by his commanding officer is entitled to the increased flying pay under the statutes from the date of such assignment and his right thereto can not be made to depend upon the approval of such assignment by the Bureau of Navigation on Form N. Nav. 413, effective from a different date. The Executive order of July 1, 1922, was as binding upon the Bureau of Navigation as upon the plaintiff and under such Executive order plaintiff’s detail to duty, involving actual flying in aircraft, remained “in force for the entire period of such assignment or until revoked by his commanding officer.”
The provisions of paragraph D-4570 of the Bureau of Navigation Manual for 1921, in so far as they provided that a person detailed to duty involving flying by his commanding officer should be entitled to draw the 50 per cent increase in flying pay only from the date of approval of such detail by the Bureau of Navigation, were in conflict with the order of the President that such detail “shall remain in force for the entire period of” the assignment by the commanding officer and were without force and effect concerning the plaintiff’s rights to the increased flying pay from March 1, 1925. An authoritative detail to flying duty carries with it the right to flying pay until the detail is revoked in the manner provided by the statute or regulations. Luskey v. United States, 56 C. Cls. 411, affirmed 262 U. S. 62; Marshall v. United States, 59 C. Cls. 900; Clark v. United States, 60 C. Cls. 589; Carleton v. United States, 64 C. Cls. 564; Arnold v. United States,
*562 65 C. Cls. 43. No subsequent action, whether a revocation of the flying detail or a regulation adding additional details or qualifications, can be applied retroactively to flying duty performed in compliance with existing orders and regulations. Bradshaw v. United States, 62 C. Cls. 638. Lynch v. United States, 63 C. Cls. 91.
Judgment will be entered in favor of the plaintiff for $226.80. It is so ordered.
Whaley, Judge; Williams, Judge; Green, Judge; and Booth, Chief Justice, concur.