## UNITED STATES v. JONES.
### No. 11027.

Circuit Court of Appeals, Eighth Circuit.
Nov. 25, 1938.

Wilbur C. Pickett, Sp. Asst. to Atty. Gen. (Maurice M. Milligan, U. S. Atty., and Charles ' L. Chalender, Atty., Bureau of War Risk Litigation, both of Kansas City, Mo., Julius C. Martin, Director, Bureau of War Risk Litigation, of Washington, D. C., and Fendall Marbury, Sp. Asst. to Atty. Gen., on the brief), for appellant.

James W. Broaddus, of Kansas City, Mo., for appellee.

Before STONE, WOODROUGH, and VAN VALKENBURGH, Circuit Judges.

VAN VALKENBURGH, Circuit Judge.

This is an action to recover war risk insurance brought by the mother of the deceased soldier, Max Byron Jones, who entered the United States army August 5, 1917, remained in the service until his honorable discharge, May 7, 1919, and died July 7, 1919. This suit was filed April 23, 1929. A jury was waived, and the court found the issues for appellee (plaintiff below) and entered judgment for $12,305, being accrued installment benefits without interest.

The soldier's rank at the date of his discharge was that of First Lieutenant Signal Corps. The monthly premium upon his $10,000 policy of war risk insurance was $6.50, and it is conceded that this premium was paid to and including the month of April, 1919. The issue, as stated by counsel for · appellant, is "(a) whether, during the period between the expiration of the insurance, May 31, 1919, and the death of the insured, July 7, 1919, the United States owed him on account of pay an amount sufficient to have paid the premiums due in order to maintain the insurance in force until death, and (b)' if so, whether the insurance should, under the law and regulations, be treated as having been in force until that time".

The policy provides that: "Premiums shall be paid monthly on or before the last day of each calendar month and will, unless the insured otherwise elects in writing, be deducted from any pay due him/her from the United States or deposit by him/her with the United States, and, if so to be deducted, a premium when due will be treated as paid, whether or not such deduction is in fact made, if upon the due date the United States owe him/her on account of pay or deposit an amount sufficient to provide the premium, provided that the premium may be paid within 31 days after the expiration of the month, during which period of grace the insurance shall remain in full force".

The insured was assigned to duty requiring him to participate regularly or frequently in aerial flights from June 15, 1918. In connection with Lieutenant Roy H. Hart he was in direct charge of experimental radio work at the experimental field at Orley, France. This assignment continued until December, 1918. The statute governing pay for this flight service provides: "That any officer attached to the aviation section of the Signal Corps for any mili-

tary duty requiring him to make regular and frequent flights shall receive an increase of twenty-five per centum of the pay of his grade and length of service under his commission". 40 Stat.L. 245.

The record shows that the deceased soldier did make regular and frequent aerial flights under this assignment, aggregating approximately two hundred hours in the air. His colleague Hart testifies that they could not fly on many days because of weather conditions. For this service Jones received pay for the months of October and November, 1918. It is conceded that he received no increased pay for the preceding period of this service, and that, if due, it wound amount, as found, to $100, a sum many times in excess of that required to keep his policy in force until the date of his death.

The issue as viewed by appellant turns largely upon the controlling definitions of the terms "pay" and "deposit", as employed in statute and regulation. It is pointed out that the Director of the Bureau of War Risk Insurance, subject to the general direction of the Secretary of the Treasury, in the administration of the War Risk Insurance Act, as amended October 6, 1917, shall have full power and authority to make rules and regulations, not inconsistent with the provisions of the Act, and necessary or appropriate to carry out its purposes. Sec. 13, 40 Stat. 399. A treasury decision entitled "Definition of the Term 'Pay'", was promulgated December 12, 1917, and provided: "Pay in the Army and Marine Corps for the purpose of the act of October 6, 1917, includes (a) base pay, with the increase thereof granted by section 10 of the act of May 18, 1917 [40 Stat. 82, 50 U.S.C.A. § 226 note]; (b) continuous-service pay; and excludes all other forms of pay such as extra-duty pay, pay for marksmanship, rated positions, certificate of merit, aviation increase, foreign-service pay".

Appellant contends, therefore, that the exclusion in this definition of "aviation increase" applies to the increase of pay awarded to the insured while attached to the Aviation Section of the Signal Corps for military duty requiring him to make regular and frequent aerial flights; and that said increase was not "pay" within the meaning of the Act and the provisions of the policy. The trial judge felt bound by this Treasury Decision, and, in deciding the issue for the appellee, placed his ruling upon the ground that the unpaid increase constituted a "deposit" to the credit of the insured and was, therefore, effective to keep the insurance in force.

By section 22 of the War Risk Act (40 Stat. 402) Congress has said that the term "pay" means the pay for service in the United States according to grade and length of service, excluding all allowances. In the statute as to flight (40 Stat. 245) in specific terms the insured was granted an increase of "pay", based upon this same grade and length of service. As such it became "pay" and not a mere allowance, within the congressional definition, during the period of this flight service. It cannot be contended that a regulation or a departmental decision can limit the broad terms of a statute, addressed to the same subject matter under the same legislative act. Such a regulation or decision would be inconsistent with the express provisions of the Act and neither necessary nor appropriate to carry out its purposes. In our judgment then, the increase granted was not of the nature of a bonus or allowance, but was, as the statute says, an increase "of the pay," and was "pay", within the meaning of the policy provisions. United States v. Mills, 197 U.S. 223, 227, 228, 25 S.Ct. 434, 49 L.Ed. 732; Sawyer v. United States, 2 Cir., 10 F.2d 416; Lynch v. Tilden Company, 265 U.S. 315, 44 S.Ct. 488, 68 L.Ed. 1034.

Counsel for appellant cite an army regulation providing, in effect, that officers assigned to flight duty shall not be entitled to extra pay for any period during which they have not "participated in regular and frequent flights", and call attention to the office memorandum of the Director of Aeronautics, dated October 4, 1918, which forbade the payment of extra pay to any officer for any period during which he has not "participated in at least four flights per month with a minimum total of at least four hours". Counsel argue that appellee has not sustained the burden of establishing that the insured engaged sufficiently in flights to qualify himself for an increase of pay as claimed. We think it sufficiently appears that Lieutenant Jones made regular and frequent flights during the period of his attachment to this service in the Aviation Section of the Signal Corps from June 15, 1918 to December 1, 1918, and the trial court so found. But we do not think, as the trial court evidently did not, that appellee's right of recovery depends upon an approximate mathematical determination of the number of flights made within

a specified period. The point now under consideration has been before the Court of Claims on many occasions and we concur in the repeated decision of that court that the right to pay goes hand in hand with the assignment to duty.

"The assignment to the duty and the obligation to perform it are the touchstone of the right to pay". Brown v. United States, 68. Ct.Cl. 734; Luskey v. United States, 56 Ct.Cl. 411; Id., 262 U.S. 62, 43 S.Ct. 493, 67 L.Ed. 864; Marshall v. United States, 59 Ct.Cl. 900; Clark v. United States, 60 Ct.Cl. 589; Matteson v. United States, 60 Ct.Cl. 880; Bradshaw v. United States, 62 Ct.Cl. 638; Lynch v. United States, 63 Ct.Cl. 91; Emmons v. United States, 63 Ct.Cl. 121; Carleton v. United States, 64 Ct.Cl. 564; Arnold v. United States, 65 Ct.Cl. 43; Johnson v. United States, 67 Ct.Cl. 318.

Appellant further contends that the insured abandoned his contract of insurance subsequently to his discharge and prior to his death. This contention is predicated upon the fact that he made no specific claim for compensation on account of flight service, except for the months of October and November, 1918. It is, therefore, argued that he did not regard himself as entitled to such compensation, and did not expect his insurance to remain in force unless he himself paid the premiums direct to the Bureau of War Risk Insurance.

The defense of abandonment was not pleaded; but, in any event, the pay of this officer was fixed by statute; his compensation rested not upon contract, but upon an act of Congress, and his acceptance of less than the full statutory compensation did not estop him nor his beneficiary from claiming the entire amount due from the government. Emmons v. United States, 63 Ct.Cl. 121; Bancroft v. United States, 56 Ct.Cl. 218, affirmed 260 U.S. 706, 43 S.Ct. 165, 67 L.Ed. 473; Glavey v. United States, 182 U.S. 595, 21 S.Ct. 891, 45 L.Ed. 1247; United States v. Andrews, 240 U.S. 90, 94, 36 S.Ct. 349, 60 L.Ed. 541; MacMath v. United States, 248 U.S. 151, 152, 39 S.Ct. 31, 63 L.Ed. 177. There is no evidence from which an affirmative intention to abandon or waive should be deduced. The insured died in exactly two months after his discharge. Both parties in their briefs discuss several other related matters; but our conclusion that, upon the due date of any unpaid premium prior to the death of the insured, the United States owed him,

on account of pay, an amount sufficient to provide such premium, is determinative of the case, and further consideration is deemed unnecessary.

It follows that the judgment is affirmed.