Booth, Chief Justice,
delivered the opinion of the court:
The only question in this case is whether plaintiff, who, by reason of an airplane accident, was physically unfit for duty as an airplane pilot, but who was assigned to duty as an observer and while on such duty participated regularly and frequently in aerial flights, is entitled to the 50% additional flying pay provided by Sec. 13a of the act of June 4, 1920, 41 Stat. 759,768, as amended by the act of July 2,1926, 44 Stat. 780, 781.
Plaintiff was rated as a pilot and regularly took part in aerial flights until injured in an airplane accident in 1928, and was paid the additional 50% up to July 1, 1935. On Dec. 2, 1935, plaintiff was advised by The Adjutant General that he had been classified as an officer “capable and qualified for nonpiloting duty in the Air Corps” and that he would be required to continue his “aerial experience and fulfill the legal requirements to draw flying pay.” The evidence shows that he flew prior to and during all the period covered by this claim.
The defense offered is that since he was not during the period of this claim an airplane pilot he was therefore classified as a nonflying officer under the act of April 9, 1935, 49 Stat. 120, 124, which contained an appropriation for aviation increased pay, with this proviso: “* * * none *345 of which shall be available for increased pay for making aerial flights by nonflying officers at a rate in excess of $1,440' per annum, which shall be the legal maximum rate as to such nonflying officers.” Plaintiff was paid during the period of this claim at the $1,440 rate.
The question therefore is, What is a nonflying officer within the meaning of the act of 1935 ?
The findings show that plaintiff was classified as an aerial observer, took a special course in this subject, and made frequent flights as an observer, and the only reason he was not continued as a pilot was because of the injury received in an airplane accident.
Although this provision of the act of 1935 has not heretofore been included as a defense in these cases, the court has previously held that an injured flier was entitled to increased pay while incapacitated by reason of the injuries, his flying detail having remained unrevoked (Marshall, 59 C. Cls. 900; Garrison, 59 C. Cls. 919; Lasher, 73 C. Cls. 699); that a warrant officer was entitled to the pay when assigned to the duty of aero repair which required him to fly frequently (Bradshaw, 62 C. Cls. 638); that an officer assigned as an “aeronautical officer” of a department was entitled to the pay (Emmons, 63 C. Cls. 121); that a medical officer assigned as flight surgeon was entitled to it (Johnson, 67 C. Cls. 318); another medical officer was entitled thereto, even though he did not actually participate in such flights (Brown, 68 C. Cls. 734); and that an officer detailed to observe bomb tests was also entitled to the pay (Stribling, 68 C. Cls. 213).
The leading case is Luskey, 56 C. Cls. 411; 262 U. S. 62. See also Lynch, 63 C. Cls. 91; Carleton, 64 C. Cls. 564; and Arnold, 65 C. Cls. 43.
This case is very similar to the Marshall case (supra), in which case the officer was physically incapacitated by reason of an airplane accident. The court decided that his flying assignment was unrevoked, that he was entitled to pay, and referring to the Lushey case, supra, said:
There is no room in the opinion of the Supreme Court for a technical argument that one injured in the aviation service is to be denied his additional allowance because his injuries preclude his actual flying day by day [p. 903].
*346 And in Bradshaw (supra) in referring to the statute here involved the court said:
It is fair to assume that Congress intended by the use of the terms “officers and enlisted men” to include all persons in the service of the Army whose duty might require frequent and regular participation in aerial flights [p. 644].
In Clark v. United States, 60 C. Cls. 589, 591, the court said:
When an officer is on duty requiring him to participate regularly and frequently in aerial flights he is entitled to the pay provided for in the statute during the time he is on such duty from the day he is placed on such duty until he is detached therefrom.
Johnson v. United States (supra,) is similar to the instant case, in that the officer was not a pilot but a medical officer who was detailed on flying status to observe the physical condition of pilots while flying, the court saying:
The service was of a dangerous character, inasmuch as he took the chances of the inefficiency of the man whose condition he was undertaking to ascertain [p. 322].
The defendant’s argument, consisting mainly of the decision of the Comptroller General, is that because plaintiff was no longer rated as a pilot he was therefore a nonflying officer. This seems to be in direct conflict with the decided cases which hold that the assignment to duty is the thing which determines his pay status. Since plaintiff was assigned to duty as an airplane observer who “frequently and regularly” took part in airplane flights, he would seem to come within the general terms of the statute authorizing the 50% additional pay.
It is absurd to argue that “nonpiloting duty” to which plaintiff was assigned is the equivalent of “nonflying” duty. Plaintiff should recover. It is so ordered.
Whaley, Judge; Littleton, Judge; and Geeen, Judge, concur.
Williams, Judge, took no part in this decision.