Jones, Judge,
delivered the opinion of the court:
Plaintiff sues to recover additional flying pay to which he claims he is entitled as an officer in the Air Corps, Kegular Army, while on duty requiring regular and frequent aerial flights.
During the period December 9, 1935, to October 31, 1939, plaintiff, under competent orders, made regular flights. For such duty, with the exception of the months of August, September, and October, 1939, he was paid at the rate of $1,440.00 per annum in addition to his base and longevity pay. He contends that he should have received an increase of 50 per centum of his base and longevity pay, as provided for in Section 2 of the Act of July 2,1926 (44 Stat. 781).
It is significant to note, however, that in this same section and paragraph the Act defines a flying officer in time of peace as
* * * one who has received an aeronautical ’ rating as a pilot of service types of aircraft.
This definition was subsequently changed by Section 3 of the Act of June 16,1936 (49 Stat. 1524), to read as follows:
* * * A flying officer in time of peace is defined as one who has received an aeronautical rating as a pilot of service types of aircraft or one who has received an aeronautical rating as an aircraft observer: Provided, That in time of peace no one may be rated as an aircraft observer unless he has previously qualified as a pilot.
Prior to entering upon the duty for which he claims additional flying pay, plaintiff had been classified by the Flying Proficiency Board, approved by the Secretary of War, as capable and qualified for nonpiloting duty in the Air Corps, but he was not given a rating as pilot or observer.
The Act of April 9,1935 (49 Stat. 124), making appropriations for the War Department for the fiscal year ending June 30, 1936, provided that none of the amount therein appropriated
*664 * * * should be available for increased pay for making aerial flights by nonflying officers at a rate in excess of $1,440.00 per annum, which shall he the. legal maximum rate, as to stock nonflymg officers [italics supplied].
A similar provision was contained in the War Department Appropriation Acts for the fiscal years ending June 30,1937, 1938, 1939, and 1940, respectively.
Since plaintiff was never given an aeronautical rating as pilot or observer, he does not come within the classification of flying officer. He does, however, come squarely within the above limitation provision, and is therefore not entitled to flying pay over and above that already paid him for the period December 9, 1935, to July 31, 1939. So long as this provision remained operative it had the effect of limiting the flying pay of officers in plaintiff’s classification to a maximum of $1,440.00 per annum, regardless of any previous provision that might otherwise have been effective.
As to the months of August, September, and October, 1939, defendant contends that plaintiff is not entitled to flying pay because he was on leave. It is true that plaintiff asked for and was granted leave on July 3, 1939, for three months and twenty-eight days; however, he was recalled before the expiration of his leave, reporting for duty on the morning of October 28, 1939, at about 8 o’clock. On that and the following day, pursuant to orders issued by competent authority, he made flights totaling 12 hours and 15 minutes, thereby fulfilling the requirements entitling him, to draw flying pay, as set out in Executive Order 5865 of June 27,1932, relating to aerial flights in the Army and other branches of the service.
It follows that plaintiff is entitled to a judgment for $360.00 and it is so ordered.
Madden, Judge; Whitakek, Judge; Littleton, Judge; and Whalet, Chief Justice, concur.