MaddeN, Judge,
delivered the opinion of the court:
Plaintiff, during the period from January 1, 1935, to June 30,1935, held the rank of Lieutenant Colonel, Medical Corps, United States Army. He was a qualified Flight Surgeon, and had been, by proper order, detailed to duty requiring regular and frequent participation in aerial flights and he made the flights. He claims that, under the applicable statutes, he should have been paid 50% more than the regular pay of his rank. He was, in fact, paid $1,440 per annum more than the regular pay of his rank. He sues for the difference.
Section 13 (a) of the Act of June 4, 1920, 41 Stat. 759,. 768, contains the following provision:
* * * Officers and enlisted men of the Army shall receive an increase of 50 per centum of their pay while on duty requiring them to participate regularly and' frequently in aerial flights; and hereafter no person shall receive additional pay for aviation duty except as-prescribed in this section; * * *
The Army Appropriation Act of April 26, 1934, 48 Stat. 614, 618, making appropriations for the fiscal year ending June 30,1935, contains the following language:
*215 * * * none of which shall be available for increased pay for making aerial flights by nonflying officers above the grade of captain at a rate in excess of $1,440 per annum, which shall be the legal maximum rate as to such nonflying officers above the grade of captain ; * * *
Since plaintiff’s grade was above that of captain, the question is whether plaintiff was a “nonflying officer” within the meaning of the latter statute. If he was, $1,440 was the maximum increase over his regular pay that the statute permitted.
To ascertain what Congress meant by the expression “nonflying officer,” our only direct aid seems to be the definition of a “flying officer” given in Section 2 of the Act of July 2,1926 (44 Stat. 780, 781). It is as follows:
Wherever used in this Act a flying officer in time of peace is defined as one who has received an aeronautical rating as a pilot of service types of aircraft.
While this definition is, in terms, limited to use in interpretation of the Act of 1926, the meaning which it gives to the expression is a natural one, and, in the absence of any indication that Congress had any other meaning in mind when it used the correlative expression “nonflying officer” in the Act of April 26, 1934, we conclude that it used that expression with a corresponding meaning.
Plaintiff has not shown that he ever received an aeronautical rating as a pilot of service types of aircraft. His increase in pay for flying was therefore limited by the 1934 " Act to $1,440 per year. He was paid that increase, and is not entitled to recover more. See Idzorek v. United States, 94 C. Cls. 659; Schofield v. United States, 97 C. Cls. 263.
It is so ordered.
WhitakeR, Judge; LittletoN, Judge; and Whaley, Chief Justice, concur.
JoNes, Judge, took no part in the decision of this case.