·George E. SCHUENEMEYER III

v.

**The UNITED STATES.**

No. 329–81C.

United States Claims Court.

Sept. 7, 1984.

George E. Schuenemeyer, III, pro se.

Charles L. Schlumberger, Washington, D.C., with whom were Acting Asst. Atty. Gen. Richard K. Willard, David M. Cohen, and Sandra P. Spooner, Washington, D.C., for defendant.

ORDER

ON CROSS–MOTIONS FOR ENTRY OF JUDGMENT

WHITE, Senior Judge.

Consideration has been given to the plaintiff's motion, filed June 21, 1984, asking that judgment in the amount of $109,-253.19 be entered for the plaintiff, to the defendant's response, which was filed on August 6, 1984, and which included a cross-motion asking that the judgment for the plaintiff be in the smaller amount of $78,-110.56, and to the plaintiff's reply, filed August 13, 1984.

After serving on active duty for more than 12 years as a commissioned officer of the United States Air Force Reserve, the plaintiff was released from active duty on June 30, 1977. At that time, the plaintiff was a captain; and he was released from active duty because he had been passed over twice by Air Force selection boards for promotion to the temporary grade of major.

In the complaint, which was filed as a petition in this court's predecessor, the United States Court of Claims, the plaintiff alleged (among other things) that his Officer Efficiency Rating for the period from October 29, 1974, through May 23, 1975, was erroneous, unjust, and prejudicial; and that its presence in the plaintiff's military records contributed significantly to his non-selection for promotion to the temporary grade of major.

After much maneuvering and the filing of numerous motions by the parties, and extensive but unsuccessful efforts to dispose of the case by means of an agreed settlement, the defendant, on December 30, 1983, filed a motion which, in effect, conceded that the plaintiff's Officer Efficiency Rating for the period from October 29, 1974, through May 23, 1975, was erroneous, that the plaintiff's non-selection for promotion to the temporary grade of Major was improper, and that the plaintiff was entitled to recover.

This court subsequently issued an opinion and order (*Schuenemeyer v. United*

*States*, 4 Cl.Ct. 649 (1984)) which directed the Secretary of the Air Force to restore the plaintiff to active duty in the grade of captain and to correct the plaintiff's Air Force records in certain specified respects, and further held that the plaintiff was entitled to recover "an amount equal to the active duty pay and allowances of an officer serving on active duty in the Air Force in the grade of captain for the period beginning July 1, 1977, and extending to the date of his restoration to active duty * * *."

The court is advised that the directive to the Secretary of the Air Force has been, or is in the process of being, fully complied with in all respects.

On the other hand, the pending motions present to the court a controversy which exists between the parties concerning the amount of the monetary payment to which the plaintiff is entitled for the period between July 1, 1977 (the day after the plaintiff was released by the Air Force from active duty) and ending on April 30, 1984 (the day before the plaintiff was restored to active duty by the Air Force in the grade of captain pursuant to the court's order of March 6, 1984).

Based upon an Air Force computation, the defendant has offered to pay the plaintiff the sum of $78,110.56 as representing the active duty pay and allowances allegedly due the plaintiff for the period beginning July 1, 1977, and ending on April 30, 1984.

The plaintiff, however, is unwilling to accept the sum offered by the defendant. The plaintiff does not question the accuracy of the Air Force's computation as representing the correct amount of active duty pay and allowances for the period in question that would have been due an Air Force captain who was not entitled to flight pay. The plaintiff contends, however, that flight pay should be included in determining the amount of the monetary judgment here; and that, on such basis, the judgment should be in the amount of $109,253.19.

In support of his position, the plaintiff asserts that his Aviation Service Date is April 19, 1965; that he was never permanently grounded from April 19, 1965, until his active duty status was improperly terminated on June 30, 1977; and that his aeronautical orders were never revoked, not even in connection with the improper termination of his active duty status. The plaintiff quotes a statement that was made by this court's predecessor, the United States Court of Claims, in *Boone v. United States*, 74 Ct.Cl. 557, 561 (1932), to the effect that "[a]n authoritative detail to flying duty carries with it the right to flying pay until the detail is revoked in the manner provided by the statute or regulations."

Unfortunately for the plaintiff, a member of the military establishment must not only be in a flying status, but must also actually perform a prescribed minimum amount of flying duty, before such personnel is entitled to flight pay. In the *Boone* case, the claimant was a chief gunner's mate in the Navy who, effective March 1, 1925, was detailed by his commanding officer to duty that involved flying. The assignment was reported to higher authority in the Navy, and such authority approved the assignment on July 8, 1925, making the approval retroactive to June 1, 1925. During the months of March, April, and May of 1925, the claimant actually engaged in flying duty for the amount of time that entitled flight duty personnel to flight pay. The Comptroller General held that the claimant was entitled to flight pay only from and after June 1, 1925, the date as of which his assignment to flying duty was approved by higher authority in the Navy. Action was then brought in the Court of Claims by the claimant for flight pay in connection with the flying duty performed during the months of March, April, and May of 1925. For reasons that need not be given in detail here, the court held that the orders by the claimant's commanding officer assigning the claimant to flying duty were lawful, and were not dependent upon subsequent approval by higher authority in the Navy; and judgment was entered for the claimant.

Thus, in the *Boone* case, the claimant based his action for flight pay upon flying

duty actually performed pursuant to lawful orders.

In the present case, it appears that the plaintiff, at the time of his improper release from active duty, was entitled to aviation career incentive pay pursuant to 37 U.S.C. § 301a (1976). Subsection (a)(1) of that section provided in part as follows:

(a)(1) Subject to regulations prescribed by the President, a member of a uniformed service who is entitled to basic pay is also entitled to aviation career incentive pay * * * for the frequent and regular performance of operational or proficiency flying duty required by orders.

As the plaintiff did not engage in "the frequent and regular performance of operational or proficiency flying duty required by orders" during the period involved in the present litigation (i.e., from July 1, 1977, through April 30, 1984), as required by the governing statutory provision, it necessarily follows that he is not entitled to aviation career incentive pay for such period. *Boruski v. United States*, 140 Ct.Cl. 1, 8, 155 F.Supp. 320, 324 (1957).

### Conclusion

For the reasons previously stated, the plaintiff's motion for an order entering judgment is denied, and the defendant's cross-motion for entry of judgment is allowed.

Judgment will therefore be entered for the plaintiff in the amount of $78,110.56.

IT IS SO ORDERED.