LittletoN, Judge,
delivered the opinion:
The question in this case concerns the right of the plaintiff, while serving in the Naval Reserve, to recover under the provisions of the act of May 23, 1930, 46 Stat. 375, the difference in pay of a lieutenant and a lieutenant, junior grade, for the period July 1 to December 20, 1918.
On December 20, 1918, the plaintiff, while serving as a dental surgeon with the rank of lieutenant, junior grade, accepted an assignment to the grade of dental surgeon (provisional) with the rank of lieutenant in the Naval Reserve, effective July 1, 1918, and executed the oath of office. He, thereafter, drew the extra pay due a lieutenant over that already drawn, but was required to refund the same in the interval between March 28, and June 30, 1922, as the result of an adverse ruling as to his right under the provisions of the act of August 29, 1916, 39 Stat. 556, 587, requiring that reserve officers should be examined and recommended by a board of three officers not below the rank of lieutenant commander, following the successful physical examination before he could “be appointed or commissioned as an officer in any rank in any class of the Naval Reserve Force or promoted to a higher rank therein.”
The act of May 23, 1930, sufra, validated the assignments of provisional ranks, grades, or ratings theretofore made to *541 members of the Naval Beserve Force, including the assignments of higher provisional ranks than those first assigned, and made these assignments conclusive for all purposes from the dates of such assignments.
The defendant contends that the act of 1930 did not validate retroactively the allowance of pay in a higher rank during a peroiod when the plaintiff was serving in a lower rank, and that in the' absence of the examination required by the act of August 29, 1916, supra, the making of the plaintiff’s commission effective July 1, 1918, did not constitute a compliance with the provisions of the act of March 4, 1913, 37 Stat. 891, 892.
The defendant further contends that if it is not correct in its first contention the action is barred by the statute of limitation Of six years from December 20, 1918.
In support of the first point the defendant cites the cases of Lawless v. United States, 59 C. Cls. 224, and Garrison v. United States, 59 C. Cls. 919. The claims presented in these cases were subjected to the provisions of earlier statutes of 1913 and 1916, under which it was definitely provided that an assignment was a necessessary condition precedent to qualify in the higher grade. In this case the plaintiff presents his claim under the provisions of the act of 1930 which this court has held in Lasher v. United States, 73 C. Cls. 699, that “ Congress has disclosed its desire that the provisional ratings during the war shall no longer be challenged upon highly technical grounds,” and that the “use of the words ‘conclusive for all purposes’ ” had the effect of validating whatever technical defect may have existed in connection with the appointment of reserve officers to higher provisional grades, and secured to them the perquisites of their increased allowances.
The present case is not distinguished from the Lasher case. The language of the act of 1930 is opposed to the contention that its retroactive effect was limited and did not include a claim for salaries in the rank in question. The act validated previous assignments for all purposes from the dates of such an assignment. Had Congress intended that the effect of the validating provisions should be limited, *542 we think it would have expressed this intent in language not to be misunderstood. Cumming v. United States, 130 U. S. 452.
The defense of the statute of limitation can not be sustained. Plaintiff had no right to the difference in pay of a lieutenant and a lieutenant, junior grade, under the statutes existing at the time of his assignment December 20, 1918. The right of action did not accrue until the enactment of the act of 1930 had validated his provisional appointment for all purposes. This suit, which was instituted May 5, 1931, was therefore in time.
Judgment will be entered in favor of the plaintiff for $256.87. It is so ordered.
Whaley, Judge; Williams, Judge; Geeen, Judge; and Booth, Chief Justice, concur.