Hat, Judge,
delivered the opinion of the court:
The plaintiff in the year 1918 was serving in France as a first lieutenant in the Medical Reserve Corps of the Army of the United States. On August 5, 1918, General Pershing by cable recommended that the plaintiff be promoted to the office of major in the Medical Reserve Corps. On August 22, 1918, the Surgeon General of the Army recommended that the plaintiff be appointed to the office of captain in the Medical Reserve Corps, which recommendation was approved by the Secretary of War. On September 23, 1918, The Adjutant General of the Army cabled to General Pershing that the plaintiff had been appointed major, Medical Corps. On September 28, 1918, the plaintiff was notified by the chief surgeon of the American Expeditionary Forces that he had been commissioned major, Medical Corps, and the plaintiff was requested to submit his letter of acceptance and oath of office; the plaintiff accepted the commission and took the oath of office on October 18, 1918, and assumed the insignia of the rank of major, performed the duties of that rank, assumed its responsibilities, and was officially addressed as major. He was paid as a major from October 18, 1918, to the date of his discharge August 31, 1919.
On November 21, 1918, The Adjutant General of the Army stated in an official communication to General Pershing that there ivas an error in the cablegram appointing plaintiff as major, and that his appointment was as captain only. On December 17, 1918, it was ordered by competent authority that the plaintiff assume his proper rank and make *204 proper adjustment of pay overdrawn. By an order of February 17, 1919, the plaintiff was again promoted to the rank of major. The plaintiff was not informed until February 19, 1919, that there had been a mistake in his first appointment as major. He was paid by the pay officers as major during- his entire service from October 19, 1918, to the date of his discharge on August 31, 1919. At that time there was checked against him and deducted from his pay the sum of $240.10 as having been overpaid him from October 18, 1918, to February 16, 1919, in the rank of major over and above the pay of a captain.
The plaintiff claims that he was legally and regularly appointed to the rank of major, and that he held that office from the date of his acceptance and taking the oath of office on October 18, 1918, and therefore is entitled to the pay of a major. The evidence does not bear out the claim of the plaintiff that he was legally and regularly appointed to the rank of major. That claim is based upon the cablegram of General Pershing recommending the appointment, and the cablegram of The Adjutant General of the Army stating that the appointment had been made, but in the meantime and before the last cablegram had been sent the plaintiff had been appointed a captain by order of the Secretary of War. General Pershing was advised of the error made by The Adjutant General, and issued an order for its correction. The order so issued was not a revocation of the appointment of the plaintiff as major, for no such appointment had in fact been made. The Adjutant General in sending a cablegram had inadA^ertently misstated a fact; he had no poAver to make an appointment; he could only issue the notice of an appointment; and if he made a mistake in so doing such action on his part could not have the effect of making an appointment. To say that it could would be to clothe The Adjutant General with powers which he does not possess under the law, and would in effect be conferring upon him powers which are lodged only in the hands of the President and the Secretary of War. It follows that the plaintiff can not maintain a suit in this court to recover the pay of a major for a period during which he did not legally hold the office of major.
*205 In this case the plaintiff accepted the office of major in good faith; he took the oath of office with no knowledge that any mistake had been made in his promotion; he discharged the duties of the office; assumed its responsibilities, and rendered service to the Government as such officer during the time that it is now proposed his pay shall be taken from him. lie was paid for his services in good faith by the officers of the Government charged with that duty. He was paid as major from October 18,1918, to February 17,1919, on which latter date he was regularly promoted to the'office of major. He was paid as major from February 17, 1919, to August 31, 1919, and he was clearly entitled to be so paid, having-been regularly appointed major on February 17, 1919.
The plaintiff supposed, and had a right to suppose, that he was in law and in fact a major and entitled to receive the pajr of a major; he was paid in good faith by the officers having charge of the payment; all the parties concerned acted in good faith. The plaintiff having been ordered by competent authority to assume the raixk of major and having discharged the duties of that rank in good faith in time of war, and having been paid the emoluments of that rank in good faith by the officers who are intrusted with the duty of making such payments, he can not be required to return the money so- x'eceived to the Government.
In the case of Miller v. United States, 19 C. Cls., 338, 354. the court says:
“ It has been repeatedly decided by courts of eminent and respectable authority that a de facto officer is entitled to fees or compensation, earned by him, while in discharge of the duties of. his office, which he held in good faith ancl not merely as a usurper.”
This court in the case of Montgomery v. United States, 19 C. Cls., 370, 376, held as follows:
“ It is true the claimant was not a second lieutenant de jure during this time, but the President, who ordered him to service, supposed he was, and so did he. He was, however, an officer de facto, and this service was rendered in good faith. Having been paid only a fair compensation for services actually performed, he is under no legal obligation to return it.”
See also Bennett v. United States, 19 C. Cls., 379, 388; and Paden v. United States, 19 C. Cls., 389, 394, where it is said:
*206 “ The claimant did actually perform the services attached to the office, and as it is not possible to correct the mistake on the one side by returning the services, so the mistake on the other side ought not to be corrected by compelling him to pay back the money which he had received in good faith, as the salary of an office held de facto by an error of law for which he was no more responsible than were the defendants.”
The above-cited cases were not appealed from. The Supreme Court of the United States in the case of Badeau v. United States, 130 U. S. 439, 452, says:
“ But inasmuch as the claimant, if not an officer de jure, acted as an officer de facto, we are not inclined to hold that lie has received money which, ex aequo et bona, he ought to return.” "
The plaintiff being entitled to the pay of a major at the date of his discharge was entitled to be paid the money due him as major, and he could not have been required, in the circumstances of this case, to return money which the Government claimed from him on account of money which it had overpaid him, such overpayment having been made prior to the time of his having been regularly appointed major on February 17, 1919. If the Government had set up this claim as a counterclaim against the officer in this suit under the principles of the cases cited above, such a counterclaim could not be allowed.
Judgment will be entered for the plaintiff in the sum of $240.19. It is so ordered.
Graham, Judge; Booth, Judge; and Campbell, Chief Justice, concur.