GRAHAM, Judge,
delivered the opinion of the court:
The plaintiff was enrolled as a seaman, second class, United States Naval Reserve Force, on April 1Y, 191Y, and entered upon active duty the next day. Thereafter, while thus serving at the enlisted rating, he was detailed to duty involving actual flying in aircraft at the naval air station, Pensacola, Fla. While at Pensacola on this detail, on February 11, 1918, he was assigned and commissioned the provisional rank of ensign, United States Naval Reserve Force. He accepted the appointment and executed the oath of office on February 15,1918, and on the same day was appointed naval aviator by the commanding officer at Pensacola and detailed to duty involving actual flying in aircraft. This appointment was *434 approved by the Acting Chief of the Bureau of Navigation, Navy Department, February 20, 1918.
On February 18, 1918, an order was issued detaching the plaintiff from duty at the naval station and assigning him to duty with the United States naval aviation forces in France. This order was delivered to plaintiff on February 26, 1918, and on that date he left Pensacola and reported to the commander of the United States naval aviation forces at Paris, France, on April 4, 1918. In France and England he was detailed to duty involving actual flying in aircraft at the different aviation stations.
On December 13, 1918, he was detached from the northern bombing group with which he was serving in France and ordered home. This order stated that his designation as a naval aviator remained in effect. The plaintiff in obedience to the order returned to the United States, arriving at his home in Chicago on January 11, 1919.
By an order dated February 18,1919, plaintiff was directed to proceed to Cleveland, Ohio, and report to the officer in charge of the Navy recruiting station for temporary duty, physical examination, and for the closing of his health and service records. Pursuant to this order he reported at said station on February 25,1919, was examined, found physically qualified, and was detached.
The question is whether his appointment to .the provisional rank of ensign was valid under the statute and carried with it the pay of that rank.
Plaintiff relies upon the case of Royer v. United States, 59 C. Cls. 199, affirmed 268 U. S. 394. But that is not this case. That was a case where the officer serving as a de facto, not a de jure, officer had been paid for his services as such. In the suit he was suing for other and subsequent services as a de jure officer. The Government claimed a deduction on account of the sum previously paid him while acting as an officer de facto. The court passed upon the question of his right to retain the sum paid him as a de facto officer, and the Supreme Court held that ,the money having been paid for services actually rendered in an office de facto, and the Government having presumably benefited to the extent of the *435 payment, in equity and good conscience he should not be required to refund. Badeau v. United States, 130 U. S. 439, 452. See also Montgomery v. United States, 19 C. Cls. 370, 376; Bennett v. United States, Id. 379, 388, and Palen v. United States, Id. 389, 394.
In the Royer case the Supreme Court said:
“We need not determine whether the respondent might have maintained an action against the Government for unpaid salary.”
That is now the question to be decided in this case. Here the plaintiff is seeking not to retain what has been paid him bu,t to recover what he claims has not been paid him.
The pay claimed in this case is dependent upon the rank, the rank is dependent upon the validity of the appointment, and the power of appointment upon the meaning of the statute. The applicable statute is the act of August 29, 1916, 39 Stat. 556, 588, which provides that—
“No person shall be appointed or commissioned as an officer in any rank in any class in the Naval Reserve Force, or promoted to a higher rank therein, unless he shall have been examined and recommended for such appointment, commission, or promotion by a board of three naval officers not below the rank of lieutenant commander, nor until he shall have been found physically qualified by a board of medical officers to perform the duties required in time of war, * *
It does not appear that plaintiff was either physically examined by a medical board or examined otherwise or that his appointment was recommended by the designated board of three naval officers; and in the absence of proof of compliance with these requirements of the statute, it must be held that under the provisional appointment he was not entitled to the pay of an ensign, and, consequently, he is not entitled to recover here.
This view of the matter is sustained by the decision of this court in the case of Lawless v. United States, 59 C. Cls. 224. In that case the plaintiff on March 18, 1919, was given the provisional rank of lieutenant in the reserve force, to date from September 21, 1918. He accepted the appointment, executed the required oath, and served as a lieutenant.
*436 The principle was also passed upon by this court in Joshua Garrison, jr., v. United States, 59 C. Cls. 919, 923, which was a case of a naval aviator detailed for duty involving actual flying; he served in France and England, and on October 28, 1918, after he had been seriously injured, was sent to a hospital' for treatment and afterwards retired on account of incapacity. While invested with the rank of ensign, and subsequent to his injury, he was given the provisional rank of lieutenant, junior grade, on March 3, 1919, to date from October 1, 1918. For a while in the settlement of his accounts he was paid the additional 50% provided for aviators by the act of March 3, 1915, 38 Stat. 939, but thereafter it was withheld, and he brought suit in this court to recover for the portion withheld. The court held that his promotion was not preceded by the .statutory requirement of an examination and recommendation by a board of naval officers, and by a board of medical officers as to his physical qualifications, and that compliance with the statute in these particulars was necessary before he could be promoted to the rank of junior lieutenant; that as the requirements of the statute had not been complied with, his promotion to that rank was invalid, and he was not entitled to the pay of the rank. The court said:
“ No such promotion could be made until after the same had been recommended by a board of three naval officers not below the rank of lieutenant commander, nor until he shall have been found physically qualified by a board of medical officers to perform the duties required in time of war. * * * it seems to us that his appointment as provisional lieutenant, junior grade, was clearly outside the statute and unwarranted under the law.”
The court cited with approval the Lawless case, supra.
The plaintiff can not recover, and the petition should be dismissed. It is so ordered.
The counterclaim filed by defendant has been withdrawn.
GeeeN, Jtidgé; Moss, Judge; Booth, Judge; and Campbell, Chief Justice, concur.