Littleton, Judge,
delivered the opinion of the court:
The plaintiff was regularly retired from the Army as a lieutenant colonel October 18, 1920, and thereafter received the retired pay of his rank. November 16, 1923, he was appointed a colonel in the Air Corps (then Air Service) Reserves, pursuant to the provisions of law and, thereafter, by due authority on February 9, 1927, was ordered to active duty as a reserve ofiicer for training from February 13 to February 27, 1927. In the course of this training service and in compliance with orders duly issued by proper authority, he proceeded to certain designated flying fields and returned, traveling a distance of 3,288 miles. He had previously been supplied by the quartermaster supply officer of the Army at Washington with transportation requests.
Upon completion of his training duty, as such reserve officer, he sought to collect the mileage allowance provided for by the act of June 1, 1926, 44 Stat. 680, at the rate of 8 cents per mile less 3 cents per mile for transportation furnished, making a total of $164.40. His claim was rejected in full.
The mileage allowance for officers of the Eeserve Corps when called into active service for training for fifteen days or less is limited by the provisions of the act of June 30, *694 1922, 42 Stat. 725, to 4 cents per mile, and suck amount is paid after deducting 3 cents per mile for transportation requests as furnished by the quartermaster.
The question in this case is the basis of the plaintiff’s travel allowance for the services rendered, whether under the statutes governing transportation allowance of the Regular Army or to officers of the Reserve Corps.
The defendant also questions the right to any allowance on the ground that plaintiff’s appointment as a colonel in the Reserve Corps was void because unauthorized under section 37 of the national defense act, as amended (42 Stat. 1033), and subsection 37, as amended (41 Stat. 778), which limited appointment, according to defendant’s contention, to former officers of the Regular Army, etc., but not to officers in the regular service, of which a retired officer is included.
We need not discuss the validity of plaintiff’s commission. It was issued in due manner and form and plaintiff’s status as a retired officer of the Regular Army was fully known to the officials of the War Department. The order No. 33 of February 9, 1917, calling plaintiff as a reserve officer to active duty for training identified him as a “ lieutenant colonel, U. S. Army, retired,” and he performed the military services as a reserve officer in good faith and in accordance with the orders of the proper officials of the War Department. He is entitled to pay. Bennett v. United States, 19 C. Cls. 379. Palen v. United States, 19 C. Cls. 389. Royer v. United States, 59 C. Cls. 199; 268 U. S. 394.
Plaintiff’s status, however, with relation to pay and travel allowance was that of a reserve officer and he is therefore only entitled to such travel allowance as a reserve officer would be permitted to collect under the statutes. He was not called to the duty in question and did not perform the services except as an officer of the Reserve Corps. The travel order of February 15,1927, was delivered to him as a reserve officer. His pay and travel allowance could, therefore, be only those which any other reserve officer would be entitled to collect. A reserve officer when on duty is entitled to the same pay and allowance as the same rank in the Regular *695 Army. Act of June 10,1922, 42 Stat. 627. The act of June 30, 1922, 42 Stat. 725, also provides that “ Mileage allowance to members of the Officers’ Reserve Corps when called into, active service for training for fifteen days or less shall not exceed 4 cents per mile.” Mileage at 4 cents per mile less-. 3 cents per mile for transportation furnished leaves $32.88 as-the amount to which plaintiff is entitled under the statutes.
Defendant insists that if plaintiff is entitled to recover for - mileage the amount should be reduced by $8.33, representing-the difference between $225 paid to the plaintiff for the fifteen days’ service mentioned and $216.67 which it is claimed-is all that he was entitled to receive under the- statute.
In submitting his pay and allowance account to the War-Department plaintiff included in his length of service, for which he claimed pay and allowance for the period elapsing; since his retirement from active service, October, 1920. At the time of his retirement, October 18, 1920, plaintiff had service to his credit of only 20 years, 3 months, and 24 days,. and, with the exception of the fifteen days’ service involved herein, he had no record of other active duty. The period of retirement may not be included for the purpose of longevity pay. Therefore, under the act of June 10, 1922, 42: Stat. 625, plaintiff was entitled only to the pay of a colonel of the Reserve Corps with over 20 years and less than 21 years’ service for fifteen days amounting to $216167. Plaintiff was, therefore, overpaid in the amount of $8.33.
Judgment will be entered in favor of the plaintiff for mileage to which he is entitled less this amount, or $24.55., It is so ordered.
Williams, Judge; Green, Judge; and Booth, Chief Jus--tice, concur.
Whaley, Judge, did not hear this case and took no part-in the decision thereof.