Whaley, Chief Justice,
delivered the opinion of the court:
Plaintiff sues for active-duty pay in the United States Army from July 31,1940, to August 19,1940.
*191 While holding a commission as First Lieutenant, Cavalry Eeserve, United States Army, under an appointment without eligibility for assignment, active duty, or promotion in time of peace, the plaintiff completed an Army extension subcourse in Cavalry School May 31, 1940. Although he had not yet received sufficient credits entitling him under Army Eegulations to eligibility for active duty, his unit instructor from the headquarters of the First Eeserve Area, Presidio of San Francisco, advised him that he was eligible for assignment to active duty and he applied for assignment to active duty on June 20,1940.
On July 12, 1940, orders were issued directing the plaintiff to proceed to Fort Lewis, Washington, on July 31, 1940, and on arrival there to report to the Commanding General for active-duty training, to continue until August 26, 1940, at which time he would be relieved from active duty, return to his home, and revert to an inactive status.
Plaintiff complied with the orders and performed active duty until August 19, 1940, at which time he was notified that he had been erroneously ordered to active-duty training, because he was not eligible for assignment to active duty, and his orders were revoked. Subsequently, and within a week, he received an appointment, with full eligibility for assignment to active duty and promotion. The General Accounting Office has denied plaintiff any pay and allowances.for the period July 31,1940, to August 19,1940, which amount to $155.44.
While it is true that the orders in question were revoked, it is also true that during the period of service, July 31,1940, until August 19, 1940, they were in full force and effect. If they had not been in full force and effect, that is to say, if they had been null and void from the beginning, there would have been nothing to revoke. It was under existing orders that plaintiff served, and while the orders were alive and in force, as they were, plaintiff was entitled to active-duty pay. This Court cannot say the orders were void db initio, merely because they were not in alignment with regulations. They were in effect until they were revoked, were enforceable, and were in fact enforced. They were recog *192 nized and enforced by the Army, and- in order to be terminated, properly required the act of revocation.
It may not be said that plaintiff was serving during the period July 31, 1940, to August 19, 1940, on active duty in an inactive status. It required a new order, and a new order was issued August 20,1940, to do just that. But plaintiff actually did active duty, and the only order in existence had placed him in an active, not inactive, status.
In Chandler v. United States, 70 C. Cls. 690, 694, the Court held that the military services there performed, having been performed in good faith and according to orders of the proper officials, entitled the officer to pay, regardless of a question of the validity of his commission, raised after performance of services.
Plaintiff is entitled to recover, and it is so ordered.
Madden, Judge; and Littleton, Judge, concur.
WhitakeR, Judge, dissents.
Jones, Judge, took no part in the decision of this case.