Laramore, Judge,
delivered the opinion of the court:
Plaintiff, a Eegular Army officer, sues for the difference in the active-duty pay of a captain and a major for the period September 12, 1946, to September 14, 1950, less any amounts previously received. Defendant has entered a counterclaim for amounts received by plaintiff, during the period in issue, by reason of his having been paid in the grade of major rather than captain, less amounts already refunded. The sole question presented is whether or not plaintiff, during the period here involved, was either a major de jure or de facto. If so, then he is unquestionably entitled to the judgment he seeks.
The facts upon which the plaintiff bases his claim are as follows:
Plaintiff, a dentist, first entered active duty with the Army on June 15, 1942. On November 23, 1943, he was given a temporary promotion to the grade of captain, Dental Corps, Army of the United States. As an incident to processing for release from active duty, he was awarded a terminal leave promotion to major effective December 20, 1945. The next day, December 21, 1945, he was tendered and accepted an appointment to major, Dental Corps, Officers’ Eeserve Corps.
On August 24, 1946, while on an inactive status, plaintiff received and accepted a recess appointment as a captain, Dental Corps, Eegular Army, pursuant to a provision of Special Orders No. 185, which provided in pertinent part:
*668 DP announcement is made of tbe recess apmt of the fol-named officers or former officers AUS, RES and NGUS in the.RA eff this date with grade, date of rank, and in the branch indicated.
Acceptance of this commission in the RA will not affect any existing commission in the AUS without component with the exception that those commissions now held as a result of promotions under the provisions embodied in Cir. 10 or Cir. 140 WD 1946 are administratively vacated and apmt in the AUS is hereby effected in the grade held immediately prior to processing for relief from active duty. In those cases where apt in the RA effected by this order is in the same grade as formerly or presently held the RA grade will govern.
In the case of those appointees who hold only a commission in the RES or NGUS, this order constitutes apmt in the AUS without component in the same grade as held in the RES or NGUS.
Thereafter plaintiff received orders to report to active duty. These orders referred to the plaintiff as a major and he performed the duties and received the pay of a major on active duty for four years.[1] On September 14, 1950, the Department of the Army issued orders which purported to promote plaintiff to a major in the Army of the United States. This was followed by notice from the Adjutant General that plaintiff had “served in the erroneous grade of major” during the period September 24, 1946 through September 13,1950. Proceedings were then instituted to collect a claimed overpayment resulting from plaintiff’s service in such higher grade. The claimed overpayment amounts to $3,952.69 and has been and is being collected from plaintiff at the rate of $56 per month. It is the amount collected to date which is sought to be recovered.
We think that upon the facts as presented in this case plaintiff was at the very least a de facto major. Special Orders No. 185 made plaintiff a captain in the Regular Army and at the same time appointed him a major in the Army of the United States. This is patently evident from the very wording of the order itself. The first paragraph of Special Orders No. 185, quoted above, vacated terminal leave promo *669 tions and for those officers whose terminal leave promotions were so vacated effected appointments in the Army of the United States in the grade which they held immediately prior to processing for release from active duty. That paragraph clearly did not apply to the plaintiff because his terminal leave promotion had already expired when he received Special Orders No. 185. (See finding 4 to which no exception has been taken.) Plaintiff’s only connection with the Army at that time was by virtue of his reserve majority. Under the third paragraph of Special Orders No. 185, appointees who held only Reserve commissions were appointed to the Army of the United States in their Reserve grade. Thus the order on its face appointed plaintiff a major in the Army of the United States. Plaintiff apparently interpreted the Order as effecting a temporary promotion for active-duty purposes in the Army of the United States in a grade higher than his permanent Regular Army grade. We think that such an interpretation was fully justified. No other meaning could be given to the clear and unambiguous wording of the Order. It is not at all unusual for an officer to be serving on active duty in a temporary grade higher than his permanent grade. That the. Army must have also felt this to be true is evidenced by the fact that orders directing him to active duty referred to plaintiff as major. Not until almost four years later did they rule that he was serving in an unauthorized grade. During this period plaintiff was at all times referred to as a major and did in fact perform the duties incident to that office. Under these facte we think that plaintiff acted in good faith and under color of authority when he performed the duties of major and is entitled to be paid commensurate with that position. United States v. Royer, 268 U. S. 394; Chandler v. United States, 70 C. Cls. 690; Badeau v. United States, 130 U. S. 439.
The defendant’s counterclaim will be dismissed, and judgment will be entered for plaintiff in accordance with the above opinion. The amount of recovery will be determined pursuant to Rule 38 (c) of the Rules of this court.
It is so ordered.
MaddeN, .Judge; Whitaker, Judge; LittletoN, Judge; and Jones, Chief Judge, concur.
*670 FINDINGS OF FACT
The court, having considered the evidence, the report of Commissioner Currell Vance, and the briefs and argument of counsel, makes findings of fact as follows:
1. The plaintiff, Richard Leigh Mosgrove, was appointed first lieutenant, Dental Corps, Officers’ Reserve Corps, on June 6,1938. He accepted the appointment on the same day. As a Reserve officer he was assigned service No. 0367608. On June 15,1942, plaintiff was ordered to active duty in the grade of first lieutenant. He was given a temporary promotion to the grade of captain, Dental Corps, Army of the United States, on November 23,1943. He was given a terminal leave promotion to major, Dental Corps, Army of the United States, on December 20, 1945, incident to processing for his release from active duty. While on terminal leave, on December 21, 1945, plaintiff was appointed to major in the Dental Corps of the Officers’ Reserve Corps. He accepted this appointment on the same date.
2. On August 24,1946, plaintiff received a recess appointment as a captain, Dental Corps in the Regular Army, pursuant to the provision of Special Orders No. 185 which provided in pertinent part:
DP announcement is made of the recess apmt of the fol-named officers or former officers AUS, RES and NGUS in the RA eff this date with grade, date of rank, and in the branch indicated. •
Acceptance of this commission in the RA will not affect any existing commission in the AUS without component with the exception that those commissions now held as a result of promotions under the provisions embodied in Cir. 10 or Cir. 140 WD 1946 are administratively vacated and apmt in the AUS is hereby effected in the grade held immediately prior to processing for relief from active duty. In those cases where apt in the RA effected by this order is in the same grade as formerly or presently held the RA grade will govern.
In the case of those appointees who hold only a commission in the RES or NGUS, this order constitutes apmt in the AUS without component in the same grade as held in the RES or NGUS.
*671 3. As a Regular Army officer, plaintiff was assigned to new service No. 038880. Thereafter, plaintiff received orders to active duty at Fitzsimons General Hospital. These orders addressed plaintiff as “Major” Mosgrove. In each case, however, his new Regular Army serial number was used. While he was receiving orders addressing him as major, plaintiff took an oath of office as captain, Regular Army, upon three separate occasions.
4. Plaintiff’s terminal leave promotion to major had expired by the time of his appointment as a captain in the Regular Army. Plaintiff’s commisison as a major in the Officers’ Reserve Corps was terminated by his acceptance of appointment in the Regular Army because it is impossible for an officer to hold both a Regular Army and a Reserve commission.
5. Thereafter the plaintiff was ordered to duty in several different assignments as set out below, in which he was referred to as major. During such time he received the pay of a major.
6. On or about September-12, 1946, the plaintiff received and complied with War Department Special Orders No. 198, 12 September 1946, which stated, in pertinent part:
Special] ORDERS
No. 198
Wae Depahtmekt
. .
Washington, 05, D. O., 12 September 19J¡B.
Extract
30. Each of the fol-named DC RA officers is reld fi* asgmt.to the MD Repl Pool Brooke AMC, Ft. Sam Houston, Tex, and is asgd to the sta indicated. WP. TDN. TP A. PCS 701-31 P 431-02,03, 07, 08 A 2170425; All dates are 1946.
Name EDCMR Not at Asgd to—
Maj Richard L. Mosgrove 038880. 22 Sept 2626 Ryons St., Lincoln, Nebr. MD Enl Tech Sch Fitzsimons GH, Denver, Colo.
AG 210,31. (12 Sept 46)
*672 Bt order op the Secretart op War :
Dwight D. Eisenhower,
Oppicial : [seal] Chief of Staff.
H. B. Lewis,
Brigadier General,

Acting the Adjutant General

7. On December 3,1946, the plaintiff received and complied with War Wepartment Special Orders No. 255, which directed, in pertinent part:
Special] Orders
No. 255 J
War Department
Washington 25, D. <7., 3 December 1945.
Extract
* ‡ * * *
5. Maj Richard L. Mosgrove 038880 DC is reíd fr asgmt and dy Med Dept Tech Sch Fitzsimons GH, Denver, Colo, and is asgd to the Panama Canal Dept Shipment OM-E550*WW (a). He will be available on 15 Jan 1947 pending call of the CG NOPE, New Orleans, La. When notified that transportation is available he WP fr present sta to that port for water transportation. Upon arrival at destination will report for dy reference requisition No. J-l dtd 11 Oct 1946.
* * * # *
Bt order of the Secretart op War :
Dwight D. Eisenhower,
Official : [seal] Chief of Staff. .
Edward F. Witsell,
Major General,

The Adjutant General.

8. On December 23, 1949, the plaintiff received and complied with Letter Orders No. 4271, Headquarters, U. S. Army, Caribbean, Fort Amador, Canal Zone, which directed in pertinent part as follows:
Headquarters United States Armt, Caribbean/DBP Office op the Commanding General
AG 201-Mosgrovb, Richard L (Off)
(Letter Order #4271)
Fort Amador, Canal Zone,

83 Dec 1949.

Subject: Orders
Thru: The Gov The Panama Canal Balboa Heights CZ
To: Off Concerned
*673 1. Maj Richard L. Mosgrove 038880 (Army) DC (DC) RA (Br-MOS 3170) Colon Hospital Cristobal CZ reld present asgmt & asgd HQ TJSARCARIB Ft Amador CZ (Evacuee M/R) EDCMR date of embarkation. O/a 9 Feb 50 P via water T to US (pipeline pers). Upon arrival US reld fr asgmt this cond & asgd 4004th ASU Cp Leroy Johnson New Orleans La for further asgmt to 3440th ASU Sta Hosp Ft Benning Ga. * * *
* * * * *
By COMMAND oe Major General Porter :
[si Melvin W. Reid,

Lt. Ool, AGD,

ASST AD J GEN.

9. On February 8, 1954, The Adjutant General, United States Army, certified to the plaintiff that the record of his service as a dental officer in the grade of major in the Panama Canal Zone from January 1, 1947 to February 4, 1950, was as follows:
Department oe the Army
Oeeice oe the Adjutant General

Washington 25, D. G.

In reply refer to
AGPI-OS 201 Musgrove [sic], Richard L.
O 38 880 (8 Feb 54)
certificate
This is to certify the records show that Major Richard Leigh Mosgrove, O 38 880, Dental Corps, Regular Army, was a Dental Officer at Colon Hospital and Dispensary, Panama Canal, from 1 January 1947 to 30 June 1947.; Chief of Dental Services, Colon Hospital from 1 July 1947 to 4 February 1950, when he was transferred to Station Hospital 3440th Army Service Unit, Fort Benning, Georgia.
By authority oe the Secretary oe the Army :
Wm. E. Bergin,

Major General, USA,

The Adjutant General.

10. On May 3, 1950, the plaintiff received and complied with Special Orders No. 86, Headquarters, The Infantry Center, Fort Benning, Georgia, which directed in pertinent part:
*674 92. Maj Richard L Mosgrove 038880 DC 121st Evac Hosp reíd from DS w/Sec I 3440 ASIT Sta Med and placed on DS w/Dental Det TIC off 9 May 50. Auth: AR 210-10.
# * JÜ * *
By commaNd op Major General Burress :
C. H. Karlstad,

Colonel, GSC,

Chief of Staff.

11.On August 3,1950, the plaintiff received and complied with Special Orders No. 150, Department of the Army, which directed as follows:
Name EDCMR Rel. from . Asgd. to—
Mai Richard L. Moscrove 038880, DO RA R-MOS 3170 Year of Birth 1914. 26 Aug Third Army 3440th ASU Pt.Benning, Ga. MDW, 7021st ASU, Medical Activities, Ft. Lesley J. McNair, washington, D. C. to rept to Room 3A614, The Pentagon (Allocation ZG-100).
By order op the Secretary op the Army :
J. Lawton Collins,
Official : Chief of Staff,
Edward F. Witsell, United States Amoy.

Major General, USA,

The Adjutant General

12. On September 14, 1950, the Department of the Army issued orders to promote the plaintiff to major, Army of the United States.
13. Subsequent to his temporary promotion to major on September 14, 1950, the plaintiff received by endorsement from The Adjutant General, United States Army, notice that he had “served in the erroneous grade of major” during the period September 24, 1946, through September 13, 1950, and that an overpayment to him of the difference between a captain’s and a major’s pay in the amount of $3,952.69 had been made. Collection from the plaintiff of the said alleged overpayment was begun by the Finance Officer on July 1, 1952, in the amount of $56 per month.
14. In the various assignments set out above, plaintiff relieved and took over the duties formerly performed by majors, and upon departure therefrom was in turn succeeded *675 by officers of equal rank. However, in the Dental Corps the duties of a captain and a major are not sufficiently sharply differentiated to make such duties definitive of the rank of the officer serving therein.
15. During the period September 24,1946, to September 14, 1950, plaintiff stated that his belief was that he held a majority and was entitled to the pay of such rank. There is no proof to rebut such statement.
CONCLUSION OK LAW
Upon the foregoing findings of fact, which are made a part of the judgment herein, the court concludes as a matter of law that the plaintiff is entitled to recover, and judgment will be entered to that effect. It is further concluded that defendant is not entitled to recover on its counterclaim and its counterclaim is dismissed. The amount of recovery will be determined pursuant to Rule 38 (c) of the Rules of this court.

 It Is significant that upon change of duty stations plaintiff was at all times replaced by a major and he in turn replaced a major.