Nott, J.,
delivered the opinion of the court:
The claimant was a musician in the Marine Corps from October 3, 1883, to October 2,1888, when he was honorably discharged. It has been the usage in the Marine Corps for a long time to allow the musicians at their option to take the cost price of a ration instead of being subsisted at the barracks on the rations issued. During the entire period of the claimant’s service he so elected and was so paid. The money paid to him was not the commutation price of the Navy ration, .prescribed by the Revised Statutes, §§ 1580,1581, but was the actual cost price of an inferior ration, which during the period of his service was issued to the corps. The difference between the value of the Navy ration and the value of the ration so issued has not' been shown.
No acquittance or receipt was given by the claimant for the payments above referred to, and no objection to the valuation put upon the rations for which he was paid was made by him at the several times of payment, nor at any time, until after he had left the service.
The Revised Statutes declare that “the noncommissioned officers, privates, and musicians of the Marine Corps shall be .entitled to receive one Navy ration daily;” and likewise declare that “thirty cents shall in all cases be deemed the commutation price of a Navy ration.” (Sec. 1616.) The claimant accordingly seeks to recover the difference between the amounts paid him in lieu of rations and the commutation price of a Navy ration.
*135 As lias been said, no receipt or acquittance on the part of the claimant was given, nor does any controversy appear which would render the payments made and received the compromise of a disputed demand. It may therefore be assumed that if the claimant was legally entitled to commutation he was also entitled to the price which the statute affixes to the commutation of a Navy ration “in all cases. ”
“Commutation” in the military or naval service is money paid iii substitution of something to which an officer, sailor, or soldier is entitled by law or regulations or the general orders of the commander in chief. The fact that the statute and the regulations of the Army and Navy prescribe the cases in which commutation may be allowed excludes the supposition of its being allowed by inferior authority. Commutation is not necessarily equal to the value of the thing for which it is a substitute, but is supposed to be, in the general average of cases, a fair equivalent.
As regards the naval service, the only general statutory ' provision that has come to the attention of the court relating to the commutation of rations is the one quoted, which fixes the commutation price; and the only regulation is the following:
“ The messes of the ship’s company may commute as many rations as may be authorized by the commanding officer for hot less than three months, unless sooner detached, or unless their terms of service should expire in less than three months; and they maf receive the established value in money from the pay officer when in port, at such times (not oftener than once a month) as the commanding officer may direct. ” (Navy Regulations, 1876, p. 110, art. 18.)
This is analogous to Army Regulations, 301:
“The savings arising from an economical use of the ration (excepting the saving of flour) will constitute the company fund, which will be kept in the hands of the company commander, and will be disbursed by him, exclusively for the purchase of food or articles to produce food, for the improvement of the soldiers’ table fare. ”
The purpose of both regulations is to enable the men, by care and thrift, to turn a portion of their rations into little delicacies which the Government can not provide, but which the men of a mess can thus select and purchase for themselves.
The principles which govern the commutation of rations are *136 not declared in tbe Navy Regulations, but may be gathered from those of the Army. “Commutation in lieu of rations will not be allowed in recruiting parties while at their stations, nor to soldiers serving where subsistence in hind is provided by the Government.” (See. 1419.) “ Rations in hind will be furnished to men traveling under orders in all cases where they can carry and cooh them.” (Sec. 1420.) Commutation of rations will not be allowed to men traveling under orders when they can be subsisted. (Sec. 1421.) “Commutation of rations at 30 cents per day may be paid to soldiers stationed where the Government does not otherwise provide for their subsistence.” (Sec. 1423.)
The enlisted men of the Marine Corps “receive the same I>ay as the enlisted men of like grades in the infantry of the Army.” (Rev. Stat., sec. 1612.) Their subsistence is different only in being the Navy ration instead of the Army ration. We have, then, the resulting fact that the money paid to the claimant in lieu of subsistence was a payment not, in terms, authorized by any statute or regulation.
The court can not regard these payments unauthorized by statute or regulation as the “ commutation ” of rations. They were in fact a form of subsistence in kind allowed to the musicians as a favor, and accepted by them as an advantage. In the Army the Subsistence Department is authorized to purchase company savings “ at the invoice price of the last lot of the article received by the officer making the purchase.” (Regulations, 1388.) The course pursued in the Marine Corps, though not prescribed by regulations, was analogous to the purchase of company savings in the Army. The same officer, the commissary, virtually purchased all of the musicians’ rations, and paid them the invoice price of the articles, without going through the form of delivery and redelivery in kind. The transaction was in fact a voluntary sale on the part of the claimant, in which he received the agreed price, which, moreover, was the reasonable value of the thing sold. If a musician could thus receive the benefit of the transaction so long as he remained in the service, and repudiate its conclusiveness after his enlistment has expired, it would compel the officers of the Marine Corps to discontinue the practice, to the loss and inconvenience of those musicians who continue in the service.
The judgment of the court is that the petition be dismissed.