Gsaham, Judge,
delivered the opinion of the court:
The plaintiff is suing to recover commutation of quarters, light, and heat from November 1, 1921, to June 30, 1922, and for rental allowance from the latter date to the time of his discharge on August 14, 1923. The defendant interposes two grounds of defense, the first being that under the following provision of the act of June 5, 1920, 41 Stat. 977, an Army appropriation act, the plaintiff ceased to be a commissioned officer on December 31, 1920:
“ That the President is authorized to retain temporarily in service, under their present commissions, or to discharge and recommission temporarily in lower grades, such emergency officers as he may deem necessary; but the total number of officers on active duty, exclusive of retired officers and disabled emergency officers, undergoing treatment for physical reconstruction, shall at no time exceed seventeen thousand eight hundred and twenty-three. Any emergency officer may be discharged when his services are no longer required, and all such officers shall be discharged not later than December 31, 1920.”
The second ground of defense is that plaintiff during the period for which he is claiming commutation was not “ on duty in the field, or on active duty without the territorial jurisdiction of the United States,” as provided by the act of April 16, 1918, 40 Stat. 530, as follows:
*27 “ That during the present emergency every commissioned officer of the Army of the United States on duty in the field, or on active duty without the territorial jurisdiction of the United States, who maintains a place of abode for a wife, child, or dependent parent, shall be furnished at the place where he maintains such place of abode, without regard to personal quarters furnished him elsewhere, the number of rooms prescribed by the Act of March 2, 1907 (34 Stat. 1169) to be occupied by * * * said wife, child, or dependent parent; and in case such quarters are not available every such commissioned officer shall be paid commutation thereof and commutation for heat and light at the rate authorized by law in cases where public quarters are not available; * *
Defendant contends that plaintiff’s right, if any, to commutation must be found in the above provision.
As to the second ground: On August 15, 1917, plaintiff was commissioned a second lieutenant, Officers’ Reserve Corps, and thereafter was ordered abroad. After attending school in France with the Fourth British Army, he was assigned to the United States Infantry, then in France. On June 12,1918, he was wounded in action and admitted to the hospital. He was promoted to first lieutenant on July 2 and accepted the commission. He remained in the hospital in France until September 26, 1918, when he was brought back to the United States, and on the 4th of October, 1918, transferred to General Hospital No. 3 at Colonia, N. J., and was thereafter transferred to Walter Reed Hospital, where he remained until August 14, 1923, on which daté he was discharged from the service.
It will be seen, therefore, that from November 1, 1921, until the date of his discharge he was a patient at Walter Reed Hospital. Was he during that period “ on duty in the field or on active duty without the territorial jurisdiction of the United States?” He was not “without the territorial jurisdiction of the United States.” He was not, within the strict meaning of the language, “ on duty in the field.” Clark v. United States, 60 C. Cls. 589, 591. It is true that in that case the officer was stationed at a permanent post. The plaintiff was in a position none the less permanent because undergoing treatment. The Executive order of August 13, 1924, has *28 defined “ field service ” as “ service under orders with troops operating against an enemy, actually or potentially.” And this may be accepted as a correct definition of the term as used in connection with commutation of quarters. The fact that a man was wounded while on duty in the field is not material. It is one of the incidents of his profession and one of the misfortunes of the life of the soldier creating a situation for which it was clearly not intended to provide by the statute allowing commutation of quarters. This situation has been met in another way — by pensions and other provisions for disabled soldiers. Plaintiff was not only not on duty in the field during the period for which he is claiming commutation, but it was impossible, owing to his physical condition, to assign him to such duty.
Plaintiff is also claiming rental allowance from July 1, 1922, to the date of his discharge. An officer is allowed quarters in which to live with his dependents in order to discharge his military duties, and the fundamental principle is that he is not entitled to commutation of quarters save he is denied the right and privilege, accorded him by the acts, of public quarters. Jones v. United States, 60 C. Cls. 552, 573. The assignment of public quarters to an Army officer is the equivalent of placing the official in that part of the Army plant where he is to discharge his duties. This is not for the officer’s benefit, but for the benefit of the Government, and the principle of commutation of quarters was conceived as reimbursement. Id., 574. The law primarily in making an allowance for commutation of quarters contemplated a reimbursement. Odell v. United States, 38 C. Cls. 194. Commutation is money paid as a substitute for something to which an officer is entitled by law or regulation. Jaegle v. United States, 28 C. Cls. 133. Quarters are furnished, or expected to be furnished, officers, and when not furnished, the law allows them to obtain them elsewhere and pays a money compensation called commutation. But this is upon the assumption that the officers are actually engaged in the public service, and that such quarters are necessary to the discharge of their duty. United States v. Phisterer, 94 U. S. 224. The plaintiff was not engaged in the public service, *29 and quarters were not necessary for him to discharge his duty. He was not retained in the service because he was engaged or to be engaged in the public service. He was retained in a hospital for the purpose of physical reconstruction and clearly was not entitled to commutation for quarters.
The court has found that the plaintiff made no application in writing to his superior officer for additional quarters during the period for which his claim is made, and that there is no proof that any such superior officer has certified that the quarters which he occupied were inadequate for his use. The position has been taken by the defendant that he was not entitled to commutation by way of rental allowance under the provisions of the sixth section of the act of June 10, 1922, 42 Stat. 627, as amended by the second section of the act of May 31, 1924, 43 Stat. 250. In view of the conclusion reached it is not necessary to pass upon this question.
The petition should be dismissed, and it is so ordered.
Hat, Judge; DowNey, Judge; Booth, Judge; and Campbell, Chief Justice, concur.