Graham, Judge,
delivered the opinion of the court:
The plaintiff, while serving as a lieutenant on active duty . in the United States Navy at the navy yard in Philadelphia, was, on May 24, 1919, ordered to report to the commandant of the naval station, Olongapo, P. I., for such duty as might be assigned him, and he complied with the order. During the period of assignment, his wife and one child were maintained by him in a house in Philadelphia. Plaintiff occupied public quarters at Olongapo from August 21, 1919, to July 10, 1920, when on orders from the commandant at that place he was relieved from duty and assigned to Cavite, P. I. On arrival at the latter place plaintiff applied for public quarters, but none was available. He remained at Cavite until June 30, 1921, and during the period of his residence there he lived and subsisted on board the United States receiving ship Mohican.
Plaintiff in his brief states the question at issue as follows : “ If the claimant in this case was ‘ on duty in the *73 field,’ he is entitled to the commutation claimed herein. If he was not on, duty in the field, he has no case.” Plaintiff, to establish that he was on duty in the field, relies upon the opinion of the Secretary of the Navy, dated January 3, 1921, given to the Auditor for the Navy Department, as follows:
“ This department is of the opinion that officers of the Navy who are on duty in the Philippine Islands are on duty in the field within the meaning of the act of 16 April, 1918.”
The act relied upon by the plaitiff, named in his petition, as required by the rules of this court, is the act of April 16, 1918, 40 Stat. 530.[2]
The plaintiff would not be entitled to commutation of quarters in his own right under the act of March 2, 1907, 34 Stat. 1168, 1169, if he occupied public quarters during the time he was stationed in the Philippine Islands. Irwin v. United States, 38 C. Cls. 87, and Samuel Smith v. United States, 62 C. Cls. 23. The act of April 16, 1918, was extended to the Navy and Marine Corps by the joint resolution of Congress of December 24, 1919, 41 Stat. 384, “ during the present emergency.” Under the latter act, an officer who is on duty in the field or on active duty without the territorial jurisdiction of the United States and maintains a place of abode for dependents shall be .furnished at the place where he maintains such place of abode, without regard to the personal quarters furnished him elsewhere, the number of rooms prescribed by law, and if no quarters are available he shall be paid commutation thereof and for heat and light allowable by law where quarters are not available.
*74 It is admitted that plaintiff was not on duty outside the territorial limits of the United States. To .establish that he was on duty in the field plaintiff relies upon the said opinion of the Secretary of the Navy as conclusive. Plaintiff was on shore duty at a permanent station. This court held in the case of Clark v. United States, 60 C. Cls. 589, that an officer on duty at a permanent station was not on duty in the field. See also, to the same effect, United States v. Dempsey, 104 Fed. 197, and Smith v. United States, supra.
Under the authority of the act of May 81, 1924, 43 Stat. 250, the President was authorized to issue regulations in the matter of allowances for rental quarters under the act of June 10, 1922, 42 Stat. 627, which covered the case of an officer “ while he was on field or sea duty.” In the executive order, dated August 13, 1924, field duty is defined as “ service, under orders with troops operating against an enemy, active or potential.” “ Field duty ” and “ duty in the field ” may be taken to be synonymous, as each of the acts of Congress in which they are used dealt with the question of rental allowances. The plaintiff was stationed at a permanent post, and it seems clear that he did not come within the definition of “ field duty ” set out in the President’s order, and he was not on duty in the field within the meaning of the decisions above cited. The letter of the Secretary of the Navy, relied upon by the plaintiff, is a mere expression of opinion, is not a regulation approved by the President, and has no more force and effect than an expression of opinion. In the case of United States v. Symonds, 120 U. S. 46, where the Secretary declared in orders that service on training ships was shore duty, the court held that the order of the. Secretary of the Navy could not convert services from sea services into shore services if they were in fact performed when at sea, that an order or regulation issued even with the approval of the President must be consistent with the statutes, and that the Secretary of the Navy could not diminish an officer’s compensation, as established by law, by declaring that he was performing shore duty when, as a matter of fact, he was performing sea duty, or increase his pay by saying that he was performing sea duty when he was actually performing shore duty.
*75 The plaintiff was clearly not “ on duty in the field ” during the time he was stationed at a permanent shore station. The petition should be dismissed, and it is so ordered.
Moss, Judge; Booth, Judge; and Campbell, Chief Justice, concur.

 That during the present emergency every commissioned officer of the Army of the United States on duty in the field, or on active duty without the territorial jurisdiction of the United States, who maintains a place of abode for a wife, child, or dependent parent, shall he furnished at the place where he maintains such place of abode, without regard to personal quarters furnished him elsewhere, the number of rooms prescribed by the act of March second, nineteen hundz’ed and seven (Thirty-fourth Statutes, page eleven hundred and sixty-nine), to he occupied by, and only so long as occupied by, said wife, child, or dependent parent; and in case such quarters are not available every such commissioned officer shall be paid commutation thereof and commutation for heat and light at the rate authorized by law in cases where public quarters are not available; but nothing in this act shall be so construed as to reduce the allowances now authorized by law for any person in the Army.