## SCHUH v. UNITED STATES.
### No. 46381.

Court of Claims.
Oct. 7, 1946.

———◆———

Fred W. Shields, of Washington, D. C. (King & King, of Washington, D. C., on the brief), for plaintiff.

Grover C. Sherrod, of Washington, D. C., and John F. Sonnett, Asst. Atty. Gen., for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, JONES, and MADDEN, Judges.

WHALEY, Chief Justice.

The plaintiff here sues for rental allowances which he says were due him as an officer of the United States Coast Guard performing the duties of an aviator engaged in antisubmarine warfare in the Gulf of Mexico.

His planes were land-based and he had certain duties to perform on shore but the shore duties were merely incidental to his duties in combat, and his combat duties were paramount.

This officer received an increase in pay on the ground that he was performing sea duty as such duty was defined by the head of his department. The head of his department did define his duty as sea duty. This definition was authorized by the Pay Readjustment Act of 1942, 37 U.S.C.A. § 101 et seq., and the determination of the head of the department was final. There are no grounds upon which its finality may be questioned. Flying over the waters to track down enemy submarines navigating under the waters, or surfacing, is sea duty of a decided nature.

But this same pay act provided that "No rental allowance shall accrue to an officer having no dependents while he is on field [or sea] duty," and that regulations in execution of this section shall be made by the President. 37 U.S.C.A. § 106.

The President proceeded to make these regulations, and therein defined sea duty as respects rental allowances as follows: "The term 'sea duty' shall mean service at sea by an officer on a vessel under orders," etc.

Now the plaintiff was not performing service at sea on board a vessel, and therefore as regards rental allowance was not on sea duty.

There is no inconsistency whatever between the definition given by the President and that given by the head of the department.

"Sea duty" is not a self-defining term and neither the President nor the head of the department were defining it in a universal sense. Their definitions were in authorized aid of separate statutory provisions. One definition was directed to the housing of an officer, the other to the hazardous nature of his duties.

We have no occasion for inquiring into the validity of these definitions. Their application, we think, is obvious.

The plaintiff is entitled to recover. Judgment will be entered for him in the sum of $465, and it is so ordered.

JONES, WHITAKER, and LITTLETON, Judges, concur.

MADDEN, Judge, took no part in the decision of this case.