## LAWRENCE v. UNITED STATES.
### No. 48777.

United States Court of Claims.

Oct. 2, 1950.

Paul M. Rhodes, Washington, D. C., Fred W. Shields, and King & King, all of Washington, D. C., on the brief, for plaintiff.

Thomas O. Fleming, Washington, D. C., H. G. Morison, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

LITTLETON, Judge.

The plaintiff, a bachelor officer in the Coast Guard, seeks to recover rental allowance authorized by law for an officer of his rank, not furnished living quarters by the Government. The periods of the claim are from December 1, 1943, to January 12, 1944, and from January 25, 1944, to September 30, 1944. During the first period mentioned the plaintiff, a Lieutenant Commander in the Coast Guard, then under the jurisdiction of the Secretary of the Navy, was assigned to duty as an aviator, piloting Coast Guard aircraft at the United States Coast Guard Air Station, San Francisco, California, and was engaged in antisubmarine warfare. During the second period he held the rank of Commander, and was assigned to duty as an aviator, piloting Coast Guard aircraft at the Coast Guard Air Station at Brooklyn, New York, and was engaged in antisubmarine warfare. The plaintiff was a land-based aviator during both periods and the Secretary of the Navy classified his service as an aviator of land-based Coast Guard aircraft, assigned to antisubmarine duty, as sea duty within the meaning of Section 2 of the Pay Readjustment Act of 1942, approved June 16, 1942, 56 Stat. 359, 360, 37 U.S.C.A. §§ 101–109. The section just mentioned provided, as follows:

"The base pay of any enlisted man, warrant officer, or nurse (female) in the military or naval forces of the United States shall be increased by 20 per centum and the base pay of any commissioned officer of any of the services mentioned in the title of this Act shall be increased by 10 per centum for any period of service while on sea duty as such duty may be defined by the head of the Department concerned, or duty in any place beyond the continental limits of the United States or in Alaska, which increases in pay shall be in addition to pay and allowances otherwise authorized: *Provided,* That the per centum increases herein authorized shall be included in computing increases in pay for aviation

and submarine duty: *Provided further,* That this section shall be effective from December 7, 1941, and shall cease to be in effect twelve months after the termination of the present war is proclaimed by the President."

The plaintiff received as salary his base pay commensurate with his rank and length of service, plus 50 per centum thereof as flying pay, plus 10 per centum of the aggregate of his base and flying pay, under and pursuant to the provisions of Section 2, supra, and the classification of his duty as sea duty. As shown in the findings, there were no Government quarters available for the plaintiff's use at his stations in San Francisco and Brooklyn, and no Government quarters of any kind were furnished to him at his shore stations. As a result plaintiff was required and did obtain living quarters at his own expense.

The plaintiff, during certain periods between December 7, 1941, and October 31, 1943, claimed and was paid $1,068, rental allowances under Section 6 of the Act of 1942, supra, in addition to the 10 per centum increase allowed by Section 2 of that Act, for aviation sea duty. As a result of a ruling by the Comptroller General, 22 Comp. Gen. 467, 469-470, that an officer in plaintiff's situation could not receive sea duty pay and also rental allowance for quarters, where quarters are not furnished by the Government, the rental allowances claimed by plaintiff for the two periods here in question were denied.

Counsel for the Government filed a counterclaim for the amount of the rental allowances previously allowed and paid to plaintiff while engaged as an aviator on antisubmarine sea duty from his permanent shore stations.

The claim here made by plaintiff for the rental allowance provided for in Section 6 of the Act of 1942, supra,[1] was considered and allowed by this court in Schuh v. United States, 67 F.Supp. 984, 107 Ct.Cl. 88. In that case the officer was assigned to aviation sea duty, and the court held that an officer could be on aviation sea duty as defined by the Secretary of the Navy within the meaning of Section 2 of the Act of June 16, 1942, supra, and not be on sea duty within the meaning of Section 6 of said Act, as defined by the President in Executive Order Oct. 13, 1942, No. 9255, which defined sea duty, as that term is used in Section 6, as follows:

"(c) The term 'sea duty' shall mean service at sea by an officer on a vessel under orders (1) requiring the officer to report for duty on board a designated vessel or (2) assigning him to duty in command of vessels or as a member of the staff of an officer in command of vessels: *Provided,* that the officer concerned is not during the same period required to render service on shore of a character determined by the department concerned to be paramount to the duty which he is required to render at sea. * * *"

In the Schuh case, supra, 67 F.Supp. at page 984, 107 Ct.Cl. at page 91, the court pointed out that the President's regulations provided that sea duty, as used in Section 6, "shall mean service at sea by an officer on a vessel under orders," and said:

"* * * the plaintiff was not performing service at sea on board a vessel, and therefore as regards rental allowance was not on sea duty.

"There is no inconsistency whatever between the definition given by the President and that given by the head of the department.

"'Sea duty' is not a self-defining term and neither the President nor the head of the department was defining it in a univer-

1. "Except as otherwise provided in this section, each commissioned officer below the grade of brigadier general or its equivalent, in any of the services mentioned in the title of this Act, while either on active duty or entitled to active-duty pay shall be entitled at all times to a money allowance for rental of quarters. * * *

"No rental allowance shall accrue to an officer having no dependents while he is on field or sea duty * * *.

"Regulations in execution of the provisions of this section shall be made by the President and shall, whenever practicable, in his judgment, be uniform for all of the services concerned, including adjunct forces thereof."

sal sense. Their definitions were in authorized aid of separate statutory provisions. One definition was directed to the housing of an officer, the other to the hazardous nature of his duties."

We find no reason in this case for departing from our holding with respect to exactly the same claim presented in Schuh v. United States, supra, and we cannot follow the reasoning of the Comptroller General and counsel for the defendant in this case that an officer stationed on land and engaged in antisubmarine aviation duty at sea is not entitled to receive the rental allowance, where Government quarters are not furnished, under Section 6 of the Act of 1942. The reason for the nonpayment of rental allowance to a bachelor officer on sea duty on a vessel under orders is because such officer is furnished quarters aboard the vessel on which he is serving. Certainly that rule could not be applied to an aviator engaged on antisubmarine sea duty going from and returning to his land base on each mission. We think it is clear that Congress did not intend by the enactment of the first proviso of Section 2, supra, that an officer in plaintiff's situation should be denied Government quarters or the rental allowance authorized to be paid if such quarters are not furnished.

The defendant further argues that by the amendment of Section 6 of the Pay Readjustment Act of 1942, by the Act of March 6, 1943, which provided that no rental allowance shall accrue to an officer having no dependents while on sea duty "except for temporary periods of sea duty not exceeding three months," indicates that Congress ratified the ruling previously made by the Comptroller General that no quarters or rental allowance could be furnished or allowed to an officer without dependents whose station was on land and who was engaged in antisubmarine aviation duty. We cannot agree. There is nothing in the history of this Amendatory Act to show that Congress intended to deny payment of the rental allowance provided by Section 6 to a land-based officer engaged in aviation sea duty, as defined by the Secretary of the Navy under Section 2. Instead of taking away any of the rights which existed under Sections 2 and 6 of the Pay Readjustment Act of June 16, 1942, supra, the Congress by the Act of March 6, 1943, amending Section 6, gave officers on sea duty for temporary periods of not exceeding three months, the rental allowance provided by Section 6 of the Act of 1942. We cannot, therefore, interpret this Amendatory Act of 1943 as indicating an intention by Congress to deprive land-based aviation officers of the right to the increased sea duty pay under Section 2 and to the rental allowance, where quarters are not furnished, under Section 6. The plaintiff is entitled to recover, and the defendant's counterclaim is denied.

Entry of judgment in favor of plaintiff for the total amount due for the periods mentioned, December 1, 1943, to January 12, 1944, and January 25, 1944, to September 30, 1944, will be entered upon the filing by the parties of a computation by the General Accounting Office showing the exact amount of rental allowance due. It is so ordered.

JONES, Chief Judge, and HOWELL, MADDEN and WHITAKER, Judges, concur.