LittletoN, Judge,
delivered the opinion of the court:
The plaintiff, a bachelor officer of the United States Naval Reserve, without dependents, seeks to recover rental allowance in the approximate amount of $1,391.50, authorized by law for an officer of his rank and status, on the ground that adequate public quarters were not available to nor occupied by him. The period of the claim is from April 2, 1941, through December 7, 1942, during which plaintiff served on active duty at the United States Naval Air Station, Corpus Christi, Texas.
On April 2,1941, and through June 14,1942, plaintiff held the rank of Lieutenant, United States Naval Reserve; on June 15, 1942, he was promoted to Lieutenant Commander, United States Naval Reserve, and served in that rank during the balance of the period under consideration.
The Act of June 10,1922 (42 Stat. 625), as amended by the Act of May 31, 1924 (43 Stat. 250), was in force from the date thereof until June 16, 1942, and provided, in part, as follows:
Sec. 6. Except as otherwise provided in the fourth paragraph of this section, each commissioned officer below the grade of brigadier general or its equivalent, in any of the services mentioned in the title of this Act [Army, Navy, Marine Corps, Coast Guard, Coast and Geodetic Survey, and Public Health Service], while either on active duty or entitled to active duty pay shall be entitled at all times to a money allowance for rental of quarters. [Then follow directions for computing rental allowance for one room and the number of rooms for which an officer of each rank and status is entitled to money allowance.]
* * * ‡
An officer having no dependent, receiving the base pay of the first or second period shall receive the allowance for two rooms, such an officer receiving the base pay of the third or fourth period shall receive the allowance *8 for three rooms, and such an officer receiving the base pay of the fifth or sixth period shall receive the allowance for four rooms.
The fourth paragraph of Sec. 6 provides:
No rental allowance shall accrue to an officer, having no dependents, while he is on field or sea duty, nor while an officer with or without dependents is assigned as quarters at his permanent station the number of rooms provided by law for an officer of his rank or a less number of rooms in any particular case wherein, in the judgment of competent superior authority of the service concerned, a less number of rooms would be adequate for the occupancy of the officer and his dependents.
The Act of June 16, 1942 (56 Stat. 359), amended the above-quoted provisions to read as follows:
Sec. 6. Except as otherwise provided in this section, each commissioned officer below the grade of brigadier general or its equivalent, in any of the services mentioned m the title of this Act, while either on active duty or entitled to active-duty pay shall be entitled at all times to a money allowance for rental of quarters.
* % * * *
To an officer having no dependents, receiving the base pay of the first period the amount of said allowance shall be $45 per month, to such an officer receiving the base pay of the second period the amount of said allowance shall be $60 per month, to such an officer receiving the base pay of the third period the amount of said allowance shall be $75 per month, to such an officer receiving the base pay of the fourth period the amount of said allowance shall be $90 per month, and to such an officer receiving the base pay of the fifth or sixth period the amount of said allowance shall be $105 per month.
$ * $ 9jC *
No rental allowance shall accrue to an officer having no dependents while he is on field or sea duty, nor shall any rental allowance accrue to an officer with or without dependents who is assigned quarters at his permanent station unless a competent superior authority of the service concerned certifies that such quarters are not adequate for the occupancy of the officer and his dependents, if any; * * *
Plaintiff reported for duty at the United States Naval Air Station, Corpus Christi, Texas, on March 10, 1941. His- *9 orders were there endorsed, “There are no quarters available lor assignment to you at this station”; whereupon, plaintiff proceeded to rent and occupy privately owned quarters off the station. On April 2,1941, plaintiff received the following written orders from his commanding officer:
1. Adequate quarters comprising the number of rooms provided by law for your rank are not available to you at this station.
2. You are assigned one room with general bath in Bachelor Officers Quarters, in accordance with Article 1819, paragraph 9, U. S. Navy Regulations.[1]
Plaintiff did not use or occupy the quarters assigned by the orders of April 2, 1941, but continued to maintain his residence in rented quarters off the base. Rental allowance was paid plaintiff through March 31, 1942, when payments were stopped and the amount paid from April 2, 1941, was charged back to plaintiff, deducted from his pay, and returned to the Government. No further rental allowance was paid through December 7, 1942, when plaintiff’s assignment to the quarters in question was vacated and payment of rental allowance was made thereafter. The quarters assigned to plaintiff by the orders of April 2,1941, were actually occupied by another officer for at least the period June 16, 1941, through December 1941.
The defendant’s primary contention is that plaintiff’s claim is barred by the provisions of the before-quoted statutes which deny rental allowance to officers without dependents while on “field duty.” This position is based upon plaintiff’s assignment to duty in an area out of which operations were carried on against enemy submarines in the Gulf of Mexico and upon the fact that plaintiff was available during his tour of duty at Corpus Christi for offensive or defensive action against such enemy forces. Secondly, de *10 fendant contends that, should plaintiff be found entitled to rental allowance during the period from April 2, 1941, to December 7, 1942, such allowance should be reduced by the value of the inadequate quarters assigned and available to him during this period.
Executive Order 4063, dated August 13, 1924, under authority of the Act of May 31,1924, supra, defines “field duty” as being “service under orders with troops operating against an enemy actual or potential.” Executive Order No. 9255, October 13, 1942, 7 F. R. 8333, issued under authority of the Act of June 16, 1942, supra, repeats this definition. “Field duty,” like “sea duty,” is not a self-defining term, Schuh v. United States, 107 C. Cls. 88, 91, but, rather, a word of art with the military. “Field duty,” in military usage, does not necessarily refer to duty on land only, but to any place on land, sea, or air, apart from, permanent cantonments or fortifications, where military operations are being conducted. Ex parte Gerlach, 247 Fed. 616, 617. The term “field duty” connotes a mobile or operational status against actual or potential enemy forces as distinguished from a permanent station, which is also defined by Executive Order 9255, supra, as follows:
The term “permanent station” shall mean the place on shore where an officer is assigned to duty, or the home yard or the home port of a vessel on board which an officer is required to perform duty, under orders in each case which do not in terms provide for the termination thereof; and any station on shore or any receiving ship where an officer in fact occupies with dependents public quarters assigned to him without charge shall also be deemed during such occupancy to be his permanent station.
'■ The Naval Air Station at Corpus Christi, Texas, is one of the Navy’s two major flight training centers and is a permanent installation in every sense of the word. The administrative and training duties assigned plaintiff indicate, that Corpus Christi was plaintiff’s “permanent station” as that term is used within the armed forces. A member of the military forces cannot be both at a permanent station and on field duty simultaneously. Harte v. United States, 65 C. Cls. 70, 74; Clark v. United States, 60 C. Cls. 589.
*11 Whether or not plaintiff was available for flights over the Gnlf of Mexico against enemy submersibles is not material. This court has held that a military aviator may fly oversea combat missions from a permanent base and yet be entitled to rental allowance. Lawrence v. United States, C. Cls. No. 48777, 117 C. Cls. 644. The Government’s contention that plaintiff was not entitled to rental allowance because he was on field duty must fail.
Upon reporting for duty at the Naval Air Station, Corpus Christi, Texas, March 10, 1941, plaintiff was informed by indorsement upon his orders that adequate quarters were not available for him at that station. That decision was never changed. On April 2,1941, plaintiff received written orders assigning him to one room and general bath in Bachelor Officers’ Quarters together with certification of the assigning officer that adequate quarters for an officer of plaintiff’s rank were not available. This positive statement by competent superior authority[2] makes it clear that plaintiff is not ineligible to claim rental allowance by force of the provisions of paragraph 4, Section 6' of the Act of June 10, 1922, as amended by the Acts of May 31, 1924, and June 16,. 1942, supra, so far as those provisions deal with the assignment of an officer on active duty to less than adequate quarters as provided by law.
The statutes governing rental allowance payable to officers of the armed services are explicit. Each commissioned officer below the rank of brigadier general or its equivalent on active duty or entitled to active-duty pay is entitled to rental allowance for quarters unless barred by the exceptions of paragraph 4, Section 6. These exceptions are: (1) officers without dependents on field or sea duty;[3] (2) officers assigned at their permanent station the number of rooms provided by law; (3) before June 16, 1942, officers assigned a less number of rooms if certified to be adequate by proper authority; (4) after June 16,1942, officers assigned a less number of rooms if not certified to be inadequate by proper authority.
*12 Plaintiff’s claim does not fall within any of these exceptions. He was not on field duty during the period in question, nor was he assigned adequate quarters as provided by law. Plaintiff was assigned quarters certified to be inadequate. Plaintiff did not occupy such quarters either voluntarily or under orders. Cf. Driver v. United States, 106 C. Cls. 821.
In Mumma v. United States, 99 C. Cls. 261, this court held that the exceptions set forth in paragraph 4, Section 6 of the Act of June 10, 1922, as amended by the Act of May 31, 1924, supra, were the only exceptions to the right of an officer on active duty to draw money allowance for the rental of quarters, and that where inadequate public quarters wére furnished the value of such quarters could not, by judicial action, be deducted from the officer’s money allowance for rental of quarters. The Act of June 16, 1942, supra, did not make the law less specific; plaintiff’s claim is not defeated by the provisions of applicable statutes. The Mwnvma case is controlling in that no deduction should be made because of inadequate public quarters furnished and not occupied.
Judgment will be entered for the plaintiff for the total amount of rental allowance due for the period April 2,1941, to December 7, 1942, upon the filing by the parties of a computation by the General Accounting Office showing the exact amount of rental allowance due. It is so ordered.
Howell, Judge; MaddeN, Judge; Whitaker, Judge; and JoNes, Chief Judge, concur.
In accordance with the above opinion, and on a stipulation by the parties as to the amount due thereunder, on May 1, 1951, judgment for the plaintiff was entered in the amount of $1,392.

 9. No officer who, when adequate quarters are not available for assignment to Mm at his permanent station, is permitted or required personally to occupy inadequate quarters at said station, shall so occupy more than one room and bath.
7. The voluntary occupation by an officer without dependents or by an officer with his dependents of the quarters assigned shall be conclusive proof that they are adequate. (¶¶ 9 & 7, Art. 1819, U. S. Navy Regs.; Exec. Order 4063, Aug. 13, 1924.)
See also, Exec. Order 9255, dated Oct. 13, 1942, wherein the contents of ¶ 9 are repeated verbatim, but the contents of ¶ 7 are omitted.

 The officer required by the regulations of the department concerned to assign public quarters. Executive Order 9255, October 13, 1942.

 Defendant lias not contended nor does the record show that plaintiff was on sea duty during any part of the period in question.